Chuck WEBSTER, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1085S420.

Supreme Court of Indiana.

Sept. 24, 1987.

**174**

Joseph B. Barker, Martinsville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant brings this direct appeal, following jury trial and conviction of criminal confinement with a deadly weapon[1], and asserts the following issues:

1. admissibility of prior conviction evidence,
2. sufficiency of credible evidence generally,
3. sufficiency of consent evidence,
4. sufficiency of deadly weapon evidence.

This case arises from a series of events occurring over a period of three days during which defendant and an adult female, M.A., engaged in sexual activities while the latter was handcuffed, chained, or otherwise restrained. Defendant was tried on charges of rape and confinement with a deadly weapon. The primary factual issue at trial was whether M.A. consented. The jury acquitted defendant on the charge of rape.

*Issue 1—Prior Conviction Evidence*

■ After taking the witness stand in his own defense, defendant was questioned regarding a prior conviction for confinement. Defendant contends that the trial court erred in overruling his timely objection.

This Court has recognized that in rape cases where consent is the only issue, evidence suggesting a prior rape with a different victim is inadmissible as probative evidence that the defendant committed the charged crime. *Malone v. State* (1982), Ind., 441 N.E.2d 1339; *Meeks v. State* (1968), 249 Ind. 659, 234 N.E.2d 629. The State has argued that the prior conviction is admissible as impeachment evidence under *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, which recognized Ind. Code § 34-1-14-14 as permitting impeachment by showing prior convictions for crimes which would have rendered a witness incompetent. Among such crimes is kidnapping. The parties disagree regarding whether defendant's prior conviction of confinement should be accorded the same significance as the crime of kidnapping.

This issue was well addressed by Judge Neal in *Lessig v. State* (1986), Ind.App., 489 N.E.2d 978, 982:

> [W]e conclude that criminal confinement is the very essence of kidnapping, and that the current crime of "criminal confinement" in fact embodies the 1972 crime of "kidnapping." Not only are their elements extremely similar, but the same moral turpitude involved in the crime of kidnapping, resulting in it being labeled as an "infamous crime" is also involved in the crime of "criminal confinement."

We agree and find no error in admission of evidence of the prior conviction for criminal confinement.

*Issue 2—Sufficiency of Credible Evidence Generally*

■ Defendant next contends that upon the central evidentiary issue, consent, the

---

1. Ind.Code § 35-42-3-3(a).

sole evidence is the testimony of M.A. Defendant then alleges that numerous examples of her testimony are contradicted by other evidence, and argues that her testimony is not sufficiently credible to constitute evidence of probative value.

We disagree. Defendant's arguments go to the credibility of this witness, which is for the jury to determine. We do not find this to be a case of inherently improbable, coerced, equivocal, or wholly uncorroborated testimony of "incredible dubiosity." *See, Rodgers v. State* (1981), Ind., 422 N.E.2d 1211, 1213; *c.f., Penn v. State* (1957), 237 Ind. 374, 146 N.E.2d 240.

In this case, M.A.'s testimony was not utterly unbelievable. Defendant contends that her version was overwhelmingly inconsistent and contradicted. Inconsistencies existing within trial testimony or with previous out-of-court statements goes to the weight to be afforded the credibility of the testimony, the resolution of which is the province of the trier-of-fact. *Ingram v. State* (1981), Ind., 421 N.E.2d 1103. We will neither judge the credibility of the witnesses or reweigh the evidence. We reject defendant's argument on this issue.

### Issue 3—Sufficiency of Consent Evidence

Defendant next contends that the evidence was insufficient to prove that the confinement of M.A. occurred without her consent. His argument further suggests the contention that, even if M.A. did not consent, the evidence was insufficient to prove "defendant knew she wasn't consenting." Under Ind.Code § 35–42–3–3, the basic offense of criminal confinement occurs when a person knowingly or intentionally confines another person without his consent. The requisite culpability is defined by Ind.Code § 35–41–2–2 as follows:

(a) A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if,

considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

M.A. testified that she did not consent to the bondage, that she struggled with defendant, cried and begged defendant to let her go. She further testified that she had been threatened if she did not cooperate, be calm and go along with the bondage game. Other witnesses testified that they heard a woman crying, observed M.A. handcuffed or "leashed" and that she appeared uncomfortable, uneasy, upset and shaken. Defendant bragged about having "kidnapped" M.A. and holding her in bondage.

We find the evidence and reasonable inferences sufficient to prove lack of consent and defendant's awareness thereof.

### Issue 4—Sufficiency of Deadly Weapon Evidence

Defendant finally contends that there was insufficient evidence regarding the use of a deadly weapon. He cites evidence tending to show his avoidance of, and opposition to, the use of the weapon involved.

Defendant again requests that we judge the credibility of the witnesses and resolve a conflict in the evidence in his favor. This we will not do. M.A. testified that as she struggled with defendant while he was handcuffing her, defendant's accomplice pointed the gun at her and threatened to shoot her if she refused to cooperate.

We find the evidence sufficient to enable a reasonable trier-of-fact to find the defendant guilty beyond a reasonable doubt.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.