**Adrian L. BROOME, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 29S05–9804–CR–251.**

Supreme Court of Indiana.

April 30, 1998.

Sandra M. Oakes, Indianapolis, for Defendant–Appellant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

On Petition to Transfer

DICKSON, Judge.

The defendant-appellant, Adrian L. Broome, was convicted of voluntary manslaughter, a class A felony. The Court of Appeals affirmed. *Broome v. State,* 687 N.E.2d 590 (Ind.Ct.App.1997). We grant transfer to address one of the issues presented by the defendant's petition for transfer.

In his appeal from the conviction, the defendant contends that he was denied the effective assistance of trial counsel due to counsel's failure to move for a speedy trial as requested by the defendant. The Court of Appeals concluded that the failure to move for a speedy trial was not deficient performance because such a motion was a mere tactical issue, relating to the *means* of representation, and not an *objective* of representation by which his lawyer was required to abide. Ind.Prof. Conduct R. 1.2(a).

We disagree with this analysis as the basis for resolving the issue. There may exist circumstances in which defense counsel's refusal or neglect to file a speedy trial motion specifically requested by a defendant could constitute deficient performance to support a claim of ineffective assistance of counsel. However, such circumstances do not exist here.

When, during a pretrial conference, the defendant attempted to request a speedy trial, his counsel informed the trial court that counsel could not properly prepare for the trial within the seventy days prescribed by Indiana Criminal Rule 4(B). When counsel's action or inaction is premised upon matters relating to trial preparation, such decisions are matters of trial strategy and the power to make binding decisions of trial strategy is generally allocated to defense counsel. *See Bradberry v. State,* 266 Ind. 530, 536–37, 364 N.E.2d 1183, 1187 (1977). In reviewing claims of ineffective assistance of counsel, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Steele v. State,* 536 N.E.2d 292, 293 (Ind.1989). To overcome this presumption, a challenger must present strong and convincing evidence. *Duncan v. State,* 514 N.E.2d 1252, 1253 (Ind. 1987). We find no such evidence here. We reject this claim of ineffective assistance of counsel.

Upon all other matters, we summarily affirm the Court of Appeals. Indiana Appellate Rule 11(B)(3). The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY, and BOEHM, JJ., concur.