Spencer DOBBINS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–9802–CR–109.

Supreme Court of Indiana.

Dec. 27, 1999.

Katherine A. Cornelius, Marion County Public Defender's Office, Indianapolis, IN, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, K.C. Norwalk, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Spencer Dobbins appeals his conviction for murder on several grounds: that the trial court improperly refused his request to represent himself and incorrectly instructed the jury; his lawyer improp- erly failed to request a speedy trial; the prosecutor made improper remarks during closing argument; and there was insuffi- cient evidence of guilt. Finding no trial court error, ineffective assistance of coun- sel or prosecutorial misconduct, and find- ing the evidence sufficient to support the conviction, we affirm.

This Court has jurisdiction over this di- rect appeal because the longest single sen- tence exceeds 50 years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

### Background

The facts most favorable to the verdict reveal that on the evening of October 26, 1996, Defendant attended a birthday party at James Welch's home. Sometime during the evening, Lewis Bell and MarLissa Smith observed Defendant chasing Thear- son White. After hearing one gunshot, they turned to observe Defendant fire a second shot at Mr. White.

After hearing two gunshots, Kelly Smith ran to Mr. Welch's front door and discov- ered Mr. White laying on the ground un- der a streetlight. Armed with a handgun, Defendant walked away from White and toward Kelly Smith. "Are you ready to tell on me?," he asked. (R. at 407.) She responded negatively and ran to a friend's house.

The State charged Defendant with Mur- der,[1] a Class A felony, and carrying a handgun without a license,[2] a Class A mis- demeanor. The jury convicted Defendant of these charges and the trial court sen- tenced Defendant to 65 years. Defendant appeals his conviction.

Additional facts will be provided as needed.

### Discussion

#### I

Defendant contends that he was denied his right of self-representation. To assist

---

1. Ind.Code § 35–42–1–1 (1993).

2. *Id.* § 35–47–2–1.

in analyzing this issue, we set out the events relevant to Defendant's challenge.

On November 19, 1996, the trial court appointed Eric Koselke as Defendant's counsel. The record reveals that Mr. Koselke was Defendant's sole public defender until February 12, 1997, when Robert Hill filed an appearance as co-counsel. At a motion *in limine* hearing on March 18, 1997, Mr. Hill appeared as Defendant's sole counsel. During this time, Defendant did not object to the presence of counsel nor did he request to proceed *pro se.*

At a hearing on another issue held April 8, 1997, the trial court addressed "Defendant's *Pro Se* Motion to Dismiss" in which Defendant contended, among other claims, that Mr. Koselke's representation was ineffective.[3] The trial court ruled that Defendant's ineffective assistance of counsel claim was moot because Mr. Koselke had been replaced by Mr. Hill. Mr. Hill moved for a continuance because he was unprepared due to the departure of Mr. Koselke. The trial court granted the continuance.[4] Again, Defendant did not request to proceed *pro se* at this time.

At an October 1, 1997, pre-trial conference, Defendant argued that the trial court failed to rule on his motion for a speedy trial, an assertion he contends was contained in "Defendant's *Pro Se* Motion to Dismiss." (R. at 77–80.) Although the trial court did not find a motion for a speedy trial, it addressed Defendant's *pro se* motion.

COURT: I don't see any motion where anyone has moved for a speedy trial.

DEFENDANT: You denied the one for a—the motion for a—the one you denied, you accepted that one, but you denied the other one. I had two motions that—I said I was—the reason why I filed this, because I was getting rid of an attorney because I wanted a fast and speedy trial, and I have been in here a year, messing around, you know. I put it on specifically what I wanted it for.

COURT: All right. Part 2 [of Defendant's *pro se* motion to dismiss] has already been denied, which is a lack of evidence to support probable cause, and I'll stand by that. Part 1 is Defendant's *pro se* motion to dismiss in which he asserts that trial counsel has been defective in that he has failed to pursue and secure a speedy trial by jury. Well, can you afford to hire your own lawyer?

DEFENDANT: No, I can't afford to hire my own lawyer.

MR. HILL: Mr. Koselke was on the case. Mr. Koselke and [Defendant] had disagreements—

COURT:—I can't understand that—

DEFENDANT:—he had too many cases. His caseload was over Trial Rule 24. I had to get rid of him myself, you know. He couldn't—

COURT:—well, I don't know that you're rid of him.

DEFENDANT: He couldn't protect me. He didn't act like he wanted to, you know.

(R. at 193–94.) Also, at this pre-trial conference, Defendant submitted two additional *pro se* motions: a "Motion for Copy of Court Chronology" and what appears to be another motion to dismiss.[5] (R. at 84–85; 197–98.) The trial court denied the

---

3. Defendant claims that this motion was filed on March 10, 1997; however, this is not supported by the record.

4. The trial date was moved to July to accommodate Mr. Hill who was representing a defendant in a prior death penalty case pursuant to Ind. Crim. Rule 24. Thereafter, the State was granted a continuance moving the trial date to October 6, 1997.

5. In his second motion to dismiss, Defendant merely copied the statutory language contained in Ind.Code § 35–34–1–4 ("Motion to Dismiss") underlining subsections (8), (9), and (11): untimely prosecution, denial of the right to a speedy trial, and any other grounds that may constitute dismissal as a matter of law. (R. at 84–85.)

motion to dismiss, but granted Defendant a copy of the court chronology. The trial court then instructed Defendant to direct any future motions to his attorney, Mr. Hill, for proper filing. Defendant did not object.

At an October 3, 1997, hearing, Mr. Hill moved for another continuance to which Defendant objected and intimated a desire to proceed *pro se.*

> MR. HILL: My client does not wish for me to make the motion for continuance and he objects to a continuance. I believe we presented this Wednesday. I did not make a motion at that time, but I think I'm going to today for the reasons I state. [to Defendant] I know you're going to be mad at me for this, but—
>
> DEFENDANT:—I don't want no—I don't need no continuance
>
> MR. HILL: He doesn't want one and that's clear.
>
> DEFENDANT: I been in here too long already.
>
>     . . .
>
> MR. HILL: My client vehemently—he's going to be mad at me for making this record—
>
> DEFENDANT:—I can file it *pro se,* can't I? Go by myself, *pro se?*
>
> MR. HILL: Well, yeah, I guess you could—
>
> DEFENDANT:—I'm tired of sitting over—
>
> MR. HILL: I'm trying to do the—I know you are. But I'm trying to do this because I think it's in your best interests.
>
> DEFENDANT: I know what you're trying to do, you know. Be in your own best interests.

(R. at 211–12.) The trial court continued to recognize Mr. Hill as Defendant's counsel. The State joined defense counsel requesting a January trial date. Noting Defendant's objection, the trial court rejected a lengthy continuance and granted a two week continuance. The trial commenced on October 20, 1997.

■■■ The Sixth Amendment to the United States Constitution guarantees a defendant the right to the assistance of counsel. Implicit in this amendment is a defendant's right to self-representation— that is, to proceed *propria persona. Faretta v. California,* 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Sherwood v. State,* 717 N.E.2d 131, 134 (Ind. 1999). The decision to proceed *pro se* must be made knowingly and intelligently because, by asserting this right, the defendant simultaneously waives his or her right to the assistance of counsel. *See Faretta,* 422 U.S. at 807, 95 S.Ct. 2525; *Sherwood,* 717 N.E.2d at 134. However, a defendant must first clearly and unequivocally assert his right of self-representation before claiming that such a right has been denied. *See Broadus v. State,* 487 N.E.2d 1298, 1304 (Ind.1986); *Russell v. State,* 270 Ind. 55, 61, 383 N.E.2d 309, 313 (1978); *Anderson v. State,* 267 Ind. 289, 294, 370 N.E.2d 318, 320 (1977). We explained in *Anderson,* that

> [the request] must be 'sufficiently clear that if it is granted, the defendant should not be able to turn about and urge that he was improperly denied counsel.' *Meeks [v. Craven,* 482 F.2d 465, 467–68 (9th Cir.1973) ]. If the rule were otherwise, trial courts would be in a position to ·be manipulated by defendants 'clever enough to record an equivocal request to proceed without counsel in the expectation of a guaranteed error no matter which way the trial court rules.' *Id.*

*Anderson,* 267 Ind. at 294, 370 N.E.2d at 320–21.

### A

Defendant contends he made two clear requests to proceed *pro se.* He claims his first request came during the October 1 hearing. While ruling on his *pro se* motion to· dismiss, in which Defendant contended that Mr. Koselke's assistance was ineffec-

tive, the trial court asked Defendant if he could afford to hire an attorney.[6] When Defendant responded that he could not, Defendant contends that the trial court should have "ruled on the motion [to proceed *pro se*] or held a hearing on the issue." Appellant's Br. at 12. We, however, do not find that a *pro se* request was properly before the trial court.

First, Defendant's argument implies that the trial court failed to advise him of his right to self-representation. However, a trial court is under no obligation to advise a defendant of the right to self-representation. *Russell*, 270 Ind. at 60, 383 N.E.2d at 313 ("[T]here is no requirement that a Defendant be advised of the right of self-representation at any stage, under any circumstances, and that such advisements cannot even be characterized as a preferred procedure."). Nor is knowing, voluntary and intelligent waiver of the right of self-representation constitutionally mandated. *Id.*

Second, Defendant failed to assert clearly his right of self-representation at this hearing. Generally, a trial court should conduct a pre-trial hearing to determine a defendant's competency to proceed without counsel and to establish a record of a defendant's waiver of his right to counsel. *See Russell*, 270 Ind. at 64, 383 N.E.2d at 315. However, as a prerequisite to such an inquiry, a defendant must first make a clear and unequivocal request to proceed without counsel. *Id.* We decline to find that Defendant's response to the question posed by the trial court constitutes a clear assertion of his right to self-representation. That is, Defendant's declaration that he could not afford an attorney, when already represented by a court-appointed attorney, does not constitute a clear assertion of his right to self-representation.

B

Defendant also contends that he requested to proceed *pro se* at the October 3 hearing when he interjected, "I can file it *pro se*, can't I? Go by myself, *pro se?*" (R. at 212.) These questions do not represent a clear and unequivocal request to proceed without counsel. We have previously explained that "half-hearted expressions of dissatisfaction with counsel" fail to meet the requisite clear and unequivocal assertion for the right of self-representation. *Russell*, 270 Ind. at 61, 383 N.E.2d at 313. *See also Anderson*, 267 Ind. at 293, 370 N.E.2d at 320 (finding that defendant's statement claiming to assert the right of self-representation was in fact conditional, ambiguous, "and more of a generalized expression of feeling than an assertion of a right"). Indeed, Defendant concedes in his brief that when Mr. Hill "moved for and received a continuance of the trial date while [Defendant] insisted on a speedy trial, [Defendant] *offered* to proceed without counsel if that was what it took to obtain a speedy trial." Appellant's Br. at 7 (emphasis added). An "offer" to proceed *pro se* does not constitute a clear assertion of a right. The trial court recognized Defendant's emotional response as a request to expedite commencement of his trial. The trial court complied with this request by limiting the continuance to seventeen days.

We further note that Defendant submitted *pro se* motions while represented by counsel. In none of these motions did Defendant specifically request to proceed

6. We conclude that the trial court asked this question because Defendant had rejected court-appointed counsel (Mr. Koselke) and so one of his options was to retain his own counsel. Another was to proceed *pro se*. *Jackson v. State*, 483 N.E.2d 1374, 1377 (Ind. 1985). We find that the Defendant intended neither. Defendant stated that he could not afford to hire his own attorney; Defendant did not specifically request to proceed *pro se*; and Defendant's objection to Mr. Koselke was that he was ineffective—he did not object to Mr. Hill's assistance. As such, the trial court properly concluded that Defendant accepted substitute court-appointed counsel without having to call for a hearing on the matter of self-representation.

*pro se.* He consistently accepted the assistance of his court-appointed counsel, Mr. Hill, even after what he now contends was a request to proceed *pro se.*

Because Defendant failed to assert his right to self-representation in a clear and unequivocal manner, Defendant was not improperly or unconstitutionally denied his right of self-representation.

## II

█ Defendant also contends that he was denied his right to effective assistance of counsel when defense counsel failed to move for and protect Defendant's right to a speedy trial.[7]

█ We evaluate Sixth Amendment claims of ineffective assistance of counsel by applying the two-part test established in *Strickland.* To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there was a reasonable probability that, because of the deficient performance, the outcome is unreliable or unfair. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Harrison v. State,* 707 N.E.2d 767, 777 (Ind.1999) (citations omitted). A defendant, however, must present convincing evidence to overcome the strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052; *Broome v. State,* 694 N.E.2d 280, 281 (Ind.1998); *Butler v. State,* 658 N.E.2d 72, 78 (Ind. 1995); *Lowery v. State,* 640 N.E.2d 1031, 1041 (Ind.1994); *Duncan v. State,* 514 N.E.2d 1252, 1253 (Ind.1987).

Defendant relies on *Broome* to contend that an attorney may be ineffective when he or she fails to file a motion for a speedy trial on behalf of the client. *Broome,* 694 N.E.2d at 281. Specifically, we explained that "[t]here *may* exist circumstances in which defense counsel's refusal or neglect to file a speedy trial motion *specifically requested* by a defendant could constitute deficient performance to support a claim of ineffective assistance of counsel." *Broome,* 694 N.E.2d at 281 (emphasis added). Such circumstances did not exist in *Broome.* Defendant Broome attempted to request a speedy trial during a pre-trial conference. Defense counsel opposed the request explaining that he could not properly prepare for the trial within the prescribed seventy days pursuant to Crim. R. 4(B). *Id.* We held that "[w]hen counsel's action or inaction is premised upon matters relating to trial preparation, such decisions are matters of trial strategy and the power to make binding decisions of trial strategy is generally allocated to defense counsel." *Id.* (citing *Bradberry v. State,* 266 Ind. 530, 536–37, 364 N.E.2d 1183, 1187 (1977)). Consequently, we found that defense counsel rendered effective assistance.

Here, as in *Broome,* Mr. Hill explained to the trial court that he was unprepared to proceed to trial as scheduled due to the number of murder trials and the pending death penalty trial that had demanded his attention for the past two months. Mr. Hill's action was premised on matters of trial preparation which are considered matters of trial strategy generally relegated to defense counsel. *See id.* Defendant has failed to present convincing evidence to overcome the presumption that Mr. Hill rendered adequate assistance.

---

7. Defendant relies on Ind. Crim. Rule 4(B) to claim his right to a speedy trial was denied. It reads in pertinent part:

> If any Defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.
>
> Ind. Crim. R. 4(B).

## III

■ Defendant next contends that the prosecutor made improper comments during closing arguments that effectively shifted the burden of proof onto Defendant. Defendant also contends that the prosecutor's comments underscored Defendant's decision to refrain from calling any witnesses on his own behalf. Appellant's Br. at 15–16.

During closing arguments, the prosecutor stated,

> the issue is whether or not [the State's witnesses] were aware of a condition where they were reliable witnesses, that they saw what they saw and you can rely on it. If it was not Spencer Dobbins, then who was it? And if it was Spencer Dobbins, why would [the State's witnesses] lie on Spencer Dobbins?

(R. at 234.) Defense counsel objected. The trial court admonished the jury and informed them that they would receive instruction on the burden of proof to apply to this case. *Id.*

■ When evaluating a prosecutorial misconduct claim, we must first determine whether the prosecutor engaged in misconduct and then determine whether the misconduct placed the defendant in a position of grave peril so as to have a probable persuasive effect on the jury's decision. *See Robinson v. State,* 693 N.E.2d 548, 551 (Ind.1998); *Willoughby v. State,* 660 N.E.2d 570, 582 (Ind.1996); *Zenthofer v. State,* 613 N.E.2d 31, 34 (Ind.1993).

■ To the extent that the prosecutor may have implicitly called attention to Defendant's failure to call any witnesses, we find that the prosecutor was merely focusing on the State's evidence and the lack of evidence to the contrary. It is not improper for a prosecutor to focus on the uncontradicted nature of the State's case in closing arguments. *See Wright v, State,* 690

N.E.2d 1098, 1112 (1997); *Isaacs v. State,* 673 N.E.2d 757, 764 (Ind.1996).

■ It is, however, improper for a prosecutor to suggest that a defendant shoulders the burden of proof in a criminal case. *See Wright,* 690 N.E.2d at 1112; *Chubb v. State,* 640 N.E.2d 44, 48 (Ind. 1994). Even though the prosecutor's comments may have suggested that Defendant shouldered this burden of proof, the trial court admonished the jury, instructing it that the prosecutor's comments served only as argument and that it would later receive instruction on the proper burden of proof to apply in this case.[8] Further, the trial court informed the jury that the State bore the burden of proving Defendant's guilt beyond a reasonable doubt in both its preliminary and final instructions. The trial court further explained to the jury that "Defendant is not required to present any evidence or prove his innocence. It is the State's burden to prove his guilt...." (R. at 101.)

Given the brevity of the prosecutor's statement, coupled with the trial court's admonishment and its preliminary and final instructions, we find that the prosecutor's comments, even if improper, did not have a probable persuasive effect on the jury.

## IV

Defendant next challenges the propriety of the trial court's reasonable doubt instruction. He contends that the trial court improperly explained the reasonable doubt standard to the jury and that the erroneous instruction shifted the burden of proof onto Defendant. Consequently, Defendant contends that the jury found him guilty by applying an erroneous standard, one based on a lower degree of proof than that required by the Due Process Clause of the Fourteenth Amendment.

---

**8.** We note that the trial court viewed the questions posed by the prosecutor as rhetorical.

■ The Due Process Clause of the Fourteenth Amendment protects an accused "'against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Winegeart v. State*, 665 N.E.2d 893, 896 (Ind.1996) (quoting *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). The standard serves to impress upon the factfinder "the need to reach a subjective state of near certitude of the guilt of the accused." *Jackson v. Virginia*, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Because a defendant's liberty is at stake, the prosecution bears this substantial burden of proof. *Winegeart*, 665 N.E.2d at 896 (citing *Speiser v. Randall*, 357 U.S. 513, 525–26, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958)).

Defendant recognizes that we approved the trial court's reasonable doubt instruction in *Winegeart*. We decline to reconsider the issue here.

As to Defendant's constitutional challenge to the reasonable doubt instruction, we find that there is not a reasonable likelihood that the jurors applied the instruction in a manner that violated Defendant's rights under the Due Process Clause of the Fourteenth Amendment. As such, the trial court did not read an improper reasonable doubt instruction to the jury.

## V

Finally, Defendant contends that there was insufficient evidence to support his conviction because the State's witnesses provided inconsistent evidence.

■ When reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of the witnesses; rather, we consider only the evidence favorable to the jury's verdict and draw all reasonable inferences therefrom. *Thornton v. State*, 712 N.E.2d 960, 961 (Ind.1999); *Hurst v. State*, 699 N.E.2d 651, 654 (Ind.1998); *Roach v. State*, 695 N.E.2d 934, 941 (Ind.1998). We will affirm a conviction if the probative evidence and reasonable inferences drawn from the evidence could have led the jury to find a defendant guilty beyond a reasonable doubt. *See id.*

■ Defendant contends that certain State witnesses' testimony was incredible because the witnesses were intoxicated at the time of the incident, and that at least two of the witnesses discussed the case with each other and had provided the police with inconsistent stories. Appellant's Br. at 21–23. First, any inconsistencies go to the weight of the evidence and credibility of a witness's testimony. *See Jordan v. State*, 656 N.E.2d 816, 818 (Ind. 1995) (citing *Webster v. State*, 513 N.E.2d 173, 175 (Ind.1987)). It is within the province of the trier of fact to determine facts from evidence presented to it and then to judge the credibility of those facts. *Kingery v. State*, 659 N.E.2d 490, 493 (Ind. 1995). Further, we have consistently held that the uncorroborated testimony of a single witness is sufficient to sustain a murder conviction. *Hobbs v. State*, 548 N.E.2d 164, 168 (Ind.1990); *Moffatt v. State*, 542 N.E.2d 971, 975 (Ind.1989).

■ The facts most favorable to the verdict reveal that two witnesses observed Defendant chase and then shoot the victim. A third witness, Kelly Smith, observed the victim laying on the ground while Defendant, carrying a handgun, walked away from the victim. All of this took place with ample lighting supplied by a nearby streetlight. Additionally, Defendant approached Kelly Smith and asked her if she planned to report what she saw. The State provided sufficient evidence to support Defendant's conviction.

Considering the evidence most favorable to the verdict, as well as all reasonable inferences, we find that the jury could have reasonably found Defendant guilty beyond a reasonable doubt.

*Conclusion*

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.