**Matthew ZACHARY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0712–PC–1103.

Court of Appeals of Indiana.

June 18, 2008.

---

Susan K. Carpenter, Public Defender of Indiana, Anne–Marie Alward, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Petitioner Matthew Zachary ("Zachary") appeals the denial of his petition for post-conviction relief, which challenged his conviction for Murder.[1] We affirm.

### Issue

Zachary presents a single issue for review: whether he was denied the effective assistance of trial and appellate counsel because counsel did not challenge an admonishment and instruction that restricted the jury's consideration of certain self-defense evidence.

### Facts and Procedural History

The relevant facts were recited on direct appeal as follows:

On March 22, 2003, close friends Zachary and Jay Harmon were drinking heavily at a friend's house in Anderson, Indiana. They left the house at approximately 12:30 a.m. and took a cab to The Three Pigs Tavern. At about 3:30 a.m., cab driver Matthew Maddox picked up Zachary and Harmon at The Three Pigs

Tavern and drove them to Zachary's residence in Anderson, where he lived with his mother, Sandra Scroggins. Scroggins was asleep on the couch when Zachary and Harmon entered the residence. She woke up when she heard them talking loudly in the kitchen. After Scroggins entered the kitchen, Zachary left the room. Harmon then grabbed Scroggins around the neck in an apparent drunken embrace. Scroggins told Harmon that he was choking her, but he did not let go of her. As she tried to get away from him, they both lost their balance, and Harmon fell on top of her. She hit her head on the edge of the stove as she fell.

When Zachary returned to the kitchen, he saw Harmon on top of Scroggins. The two men began arguing, and Scroggins left the room. She was watching television on the living room couch when Zachary yelled for her to call 911. When police arrived, Zachary told officers that he had stabbed Harmon while Harmon was apparently attacking Scroggins. He said that after several unsuccessful attempts to pull Harmon off Scroggins, he grabbed a kitchen knife and stabbed Harmon in the chest. He stated that he then called 911 and administered CPR but was unable to save Harmon's life.

At approximately 5:50 a.m., police took Zachary to the police station, where he signed a form waiving his *Miranda* rights and gave a videotaped statement. The detective conducting the interview observed that Zachary appeared to be intoxicated while giving the statement. Afterwards, Zachary's blood alcohol level tested at .29%.

The State charged Zachary with murder.

---

1. Ind.Code § 35–42–1–1.

*Zachary v. State,* No. 48A02–0312–CR–1087, 822 N.E.2d 1127, slip op. at 2–3 (Ind.Ct.App.2005), *trans. denied.*

Prior to his trial, Zachary filed a "Notice of Defense of Justifiable Reasonable Force" alleging that he had acted to prevent imminent serious bodily injury to himself and to his mother. (App. 17.) At trial, Zachary argued self-defense and reckless homicide. A jury convicted him of murder.

On direct appeal, Zachary challenged the sufficiency of the evidence, the admission of his videotaped statement to police, and his sentence. He also argued that Scroggins was an incompetent witness due to dementia and that the Prosecutor committed misconduct. This Court affirmed Zachary's conviction and sentence, *Zachary,* slip op. at 14, and the Indiana Supreme Court denied transfer. *Zachary v. State,* 831 N.E.2d 744 (Ind.2005).

On June 14, 2005, Zachary filed a petition for post-conviction relief, which was amended on September 20, 2006. An evidentiary hearing was conducted on January 29, 2007. On November 1, 2007, the post-conviction court entered its Findings of Fact, Conclusions of Law, and Judgment denying Zachary post-conviction relief. Zachary now appeals.

## Discussion and Decision

### Standard of Review

■ Defendants who have exhausted the direct appeal process may challenge the correctness of their convictions and sentences by filing a post-conviction petition. *Stevens v. State,* 770 N.E.2d 739, 746 (Ind.2002). Post-conviction proceedings are civil in nature and a defendant must establish his claims by a preponderance of the evidence. *Ben–Yisrayl v. State,* 738 N.E.2d 253, 258 (Ind.2000). A petitioner who has been denied post-conviction relief appeals from a negative judgment, and to the extent that his appeal turns on factual issues, he must convince this Court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Stevens,* 770 N.E.2d at 745. We do not defer to the post-conviction court's legal conclusions, but accept its factual findings unless they are clearly erroneous. *Id.*

Zachary contends he was denied the effective assistance of both trial and appellate counsel. Effectiveness of counsel is a mixed question of law and fact. *Strickland v. Washington,* 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in *Strickland. Id.* To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and resulting prejudice. *Dobbins v. State,* 721 N.E.2d 867, 873 (Ind.1999) (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052). Deficient performance is that which falls below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *see also Douglas v. State,* 663 N.E.2d 1153, 1154 (Ind.1996). Prejudice exists when a claimant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *see also Cook v. State,* 675 N.E.2d 687, 692 (Ind.1996). The two prongs of the *Strickland* test are separate and independent inquiries. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Id.*

Moreover, under the *Strickland* test, counsel's performance is presumed effec-

tive. *Douglas,* 663 N.E.2d at 1154. A petitioner must present convincing evidence to overcome the strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052; *Broome v. State,* 694 N.E.2d 280, 281 (Ind.1998).

 Zachary alleges that his trial counsel was ineffective for failing to challenge an admonishment and jury instruction restricting the jury's consideration of evidence regarding the victim's character and reputation. A defendant is entitled to have the jury instructed correctly on an essential rule of law. *Davis v. State,* 691 N.E.2d 1285, 1289 (Ind.Ct.App.1998) (citing *Hill v. State,* 615 N.E.2d 97, 99 (Ind. 1993)). In evaluating allegations of ineffectiveness in this regard, we look to the law available at the time of counsel's representation to determine whether a proper objection would have been sustained. *Walker v. State,* 843 N.E.2d 50, 59 (Ind.Ct. App.2006), *trans. denied.*

Zachary presented several witnesses who testified that Harmon had a reputation as a violent person. These witnesses did not provide testimony of specific acts. At the conclusion of their testimony, the trial court admonished the jury as follows:

> The testimony you've heard from this witness and other witnesses in regards to the *character of the victim* in this case goes to the issue as to whether or not he was the aggressor in the confrontation which resulted in the events of March the 23rd, 2002. Whether or not he was the aggressor or not the aggressor.

(Tr. 507–8.) (emphasis added.) The final instructions to the jury included the following language:

> Witnesses have testified about Jay Harmon's *reputation in the community.*

This evidence is to be considered by you solely on the issue of who was the initial aggressor. You are not to consider this evidence for any other purpose.

(Tr. 620.) (emphasis added.) Zachary now argues that his trial attorney's decision not to object to the admonishment and final instruction compromised his self-defense claim and ultimately denied him a fair trial. He contends that the jury should have been allowed to consider evidence of Harmon's reputation to show the reasonableness of his fear of a deadly attack by Harmon.

 A self-defense claim can prevail in a homicide prosecution only if the defendant had a reasonable fear of death or great bodily harm. *Mickens v. State,* 742 N.E.2d 927, 930 (Ind.2001). The jury looks from a defendant's viewpoint when considering facts relevant to self-defense. *Morgan v. State,* 544 N.E.2d 143, 148 (Ind. 1989). However, the defendant's belief must be reasonable. *See id.*

 Generally, proof of a person's character is inadmissible to prove that the person acted in a manner consistent with that character on the occasion in question. *Eldridge v. State,* 627 N.E.2d 844, 849 (Ind.Ct.App.1994) (abrogated on other grounds by *Poore v. State,* 666 N.E.2d 415 (Ind.Ct.App.1996)), *trans. granted,* opinion vacated by *Poore v. State,* 681 N.E.2d 204 (Ind.1997). An exception is made when the defendant in a homicide or battery case offers evidence to prove that (1) the victim was the initial aggressor or (2) the victim had a violent character and the defendant's knowledge of that character gave him reason to fear the victim. *Id.*

Indiana Evidence Rule 404(a)(2) provides for the admissibility of "evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the

victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor[.]"

Zachary relies upon *Brand v. State*, 766 N.E.2d 772 (Ind.Ct.App.2002), *trans. denied*, to support his argument that the concept of evidentiary relevance is very broad in a self-defense case. Brand engaged in an altercation with Lickliter and shot him four times, killing him. At Brand's murder trial, the trial court excluded evidence of the decedent's gang membership, drug dealing, and offer to sell a firearm. *See id.* at 777. Brand was convicted of voluntary manslaughter and appealed.

On appeal, this Court recognized that "when a defendant claims that he acted in self-defense, evidence legitimately tending to support his theory is admissible" and "a defendant is entitled to support his claim of self-defense by introducing evidence of matters that would make his fear of the victim reasonable." *Id.* at 780. This Court held that the trial court committed reversible error in excluding Brand's proffered evidence of the victim's character and reputation for violence. *See id.*

At the same time, the *Brand* Court observed that introduction of specific acts to prove the defendant's state of mind would support the proposition that the defendant had a reasonable belief that deadly force was necessary, while introduction of specific acts as victim character evidence, as permitted by Evidence Rule 404(a)(2), would support the proposition that the victim was using unlawful force. *Id.* at 779.

■ At first blush, the admonishment and instruction at issue appear to be overly restrictive, in that a defendant is not constrained to offer character evidence for the sole purpose of establishing the initial aggressor. However, in this case the limitation appears to be consistent with the purpose for which that evidence of general reputation was offered. Zachary did not testify and did not otherwise establish that he had knowledge of Harmon's general reputation in the community for violence. As such, it appears that the reputation testimony was not offered to support the proposition that Zachary's knowledge of Harmon's reputation gave him reason to fear Harmon but rather to show unlawful force or aggression by the victim. *See Brand*, 766 N.E.2d at 779.

The jury also heard testimony regarding one specific act that would support the proposition that Zachary had a reasonable belief that deadly force was necessary. Cab driver Matthew Maddox, who drove Zachary and Harmon home shortly before Harmon's death, testified that Harmon had "wanted [Maddox] to get out and fight." (Tr. 269.) Importantly, the trial court's admonishment and instruction did not limit this evidence of a specific act. The jury was free to consider that evidence with regard to the reasonableness of Zachary's belief that deadly force was necessary.

The jury ultimately found that the State had rebutted Zachary's claim of self-defense. However, this is not attributable to trial counsel's failure to object to instruction by the trial court, as a timely objection would not have been sustained.

### Conclusion

Zachary failed to demonstrate that he was prejudiced by an erroneous instruction to the jury. As such, he did not establish the ineffectiveness of either trial counsel or appellate counsel for failure to challenge the same. The post-conviction court properly denied Zachary post-conviction relief.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.