**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 31 2013, 8:39 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**PAUL MISHLER JR.**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL L. MISHLER, JR., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1209-PC-405 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-0909-PC-22

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Pro-se Appellant-Petitioner Paul L. Mishler ("Mishler") appeals the denial of his petition for post-conviction relief, which challenged his convictions for two counts of Child Molesting, as Class A felonies.[1]  We affirm.

**Issues**

Mishler presents three issues for review:

I.      Whether he received procedural due process in the post-conviction court;

II.     Whether the post-conviction court erroneously denied relief upon the claims of ineffective assistance of trial and appellate counsel; and

III.    Whether Mishler was abandoned by post-conviction counsel.

**Facts and Procedural History**

During September of 2007, Mishler was convicted of two counts of child molesting for acts perpetrated upon B.P., the daughter of Mishler's fiancée.  He was sentenced to fifty years imprisonment on each count, with the terms to be served concurrently.  Mishler appealed and this Court affirmed his convictions but remanded with instructions that his aggregate sentence be revised to thirty-eight years. Mishler v. State, 894 N.E.2d 1095, 1104 (Ind. Ct. App. 2008).

On September 9, 2009, Mishler filed a pro-se petition for post-conviction relief.  A public defender entered an appearance on Mishler's behalf but subsequently filed his motion to withdraw and certification of investigation and consultation; the motion to withdraw was

---

[1] Ind. Code § 35-42-4-3.

granted on January 19, 2010. On June 6, 2011, Mishler filed an amended petition for post-conviction relief. He filed another amended petition for post-conviction relief and supporting memorandum on July 5, 2011. Therein, he alleged that he had received ineffective assistance of trial and appellate counsel.

During the pendency of the post-conviction claim, Mishler filed requests for the issuance of subpoenas and a motion to compel production of documents. The post-conviction court issued some, but not all, of the requested subpoenas; the denials were accompanied by specific findings as to relevance. The post-conviction court also issued an order that Mishler's appellate attorney and the estate of his trial attorney produce files and transcripts to assist Mishler in his pro-se representation.

The post-conviction court conducted evidentiary hearings on March 13 and June 12, 2012. On August 31, 2012, the post-conviction court issued findings of fact and conclusions of law and an order denying Mishler post-conviction relief. Mishler now appeals.

## Discussion and Decision

### Standard of Review

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Id. On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite

that reached by the post-conviction court. Id. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. Id. In this review, findings of fact are accepted unless they are clearly erroneous and no deference is accorded to conclusions of law. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. Id.

## I. Procedural Due Process

Mishler asserts he was deprived of adequate means to establish his claims of ineffective assistance of trial and appellate counsel. He claims that the post-conviction court declined to issue subpoenas for necessary witnesses and failed to provide him with sufficient documentation to support his claims.[2]

When determining whether to issue subpoenas, the post-conviction court has broad discretion, and we will reverse its decision only for an abuse of that discretion. Johnson v. State, 832 N.E.2d 985, 994 (Ind. Ct. App. 2005), trans. denied. "An abuse of discretion has occurred if the court's decision is against the logic and effect of the facts and circumstances before the court." Id.

[2] Mishler also suggests that he was deprived of due process when the post-conviction court did not grant him leave to withdraw his petition during the second evidentiary hearing. He does not articulate a separate issue or develop an argument with supporting and relevant authority. However, we observe that Indiana Post-Conviction Rule 1(4)(c) provides in relevant part: "At any time prior to entry of judgment the court may grant leave to withdraw the petition." We will overturn a post-conviction court's grant or denial of a motion to withdraw a petition only when the court reached an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences to be drawn therefrom. Thomas v. State, 965 N.E.2d 70, 74-75 (Ind. Ct. App. 2012), trans. denied. The task of the post-conviction court is to balance the benefit a petitioner would derive from a delay against the costs to the court in wasted time. See Tapia v. State, 753 N.E.2d 581, 586 (Ind. 2001). The post-conviction court observed that the post-conviction proceedings, which had progressed to evidentiary hearings, had been pending for almost three years. Mishler has identified no abuse of discretion in this regard.

4

> If the pro se petitioner requests issuance of subpoenas for witnesses at an evidentiary hearing, the petitioner shall specifically state by affidavit the reason the witness' testimony is required and the substance of the witness' expected testimony. If the court finds the witness' testimony would be relevant and probative, the court shall order that the subpoena be issued. If the court finds the proposed witness' testimony is not relevant and probative, it shall enter a finding on the record and refuse to issue the subpoena.

Ind. Post-Conviction Rule 1(9)(b).

The post-conviction court denied Mishler's requested subpoenas for five individuals: Rodney Dellinger, Aylissa Dellinger, Deb Peddler, Tina Passerallo, and Luann Todd. Mishler's affidavits in support of his requests for subpoenas of these persons were generally speculative and exploratory, or anticipated hearsay testimony. Mishler responded to the denials by requesting that the post-conviction court certify its order for discretionary interlocutory appeal by this Court.

At a hearing addressing the motion, Mishler advised the post-conviction court that Rodney Dellinger's anticipated testimony was that Mishler's trial counsel failed to contact him regarding what information Rodney's daughter, Aylissa Dellinger, might have. He succinctly explained to the court, "the whole, primary [reason] for those five witnesses is the fact that Mr. Stevens never established contact with them to do a proper investigation because they did retain information to my case." (P.C.R. Tr. 46-47.) Mishler conceded that Rodney Dellinger lacked knowledge of the facts of the case: "He couldn't even come in here and say anything about it because he did not even know that his daughter had came [sic] and told Deb Peddler some information that B.P. had said to her." (P.C.R. Tr. 47.) Ultimately, however, Mishler hoped to produce evidence that "Aylissa came forth on January 26 [2006]

5

and told that B.P. was going to do whatever it took to get me kicked out of my house" and that, after the trial, "B.P. had came [sic] forward and said to Tina and her daughter … that she did this, what she did, or she made this stuff up to go live with grandma. And again Mr. Stevens never contacted her." (P.C.R. Tr. 47-48.) Mishler conceded that the latter statement, having been made after trial, could not have been available to his trial counsel. Finally, Mishler stated that he expected Luann Todd, B.P.'s therapist, to render a "professional opinion" that B.P. had failed to specifically identify Mishler as her assailant, causing Todd to disbelieve that Mishler was the perpetrator of crimes against B.P. (P.C.R. Tr. 49.)

In sum, Mishler contended that, had his trial counsel been sufficiently diligent in his investigation, he would have uncovered more evidence to undermine B.P.'s credibility. He does not establish, however, that hearsay statements or confidential statements to a health care provider would have been admissible for such a purpose.[3] As for the statement allegedly made after trial, Mishler contended that appellate counsel should have uncovered its existence. The post-conviction court correctly concluded that appellate counsel was not required to seek factual information outside the trial record.

We find no abuse of discretion in the post-conviction court's refusal to permit Mishler to elicit hearsay (in some instances, double hearsay) testimony or privileged information. Nor was the court required to assist Mishler in pursuing potential and speculative challenges to the credibility of trial witnesses. Post-conviction proceedings are not designed to permit

---

[3] See Ind. Code § 34-46-3-1 ("Except as otherwise provided by statute, the following persons shall not be required to testify regarding the following communications: … physicians, as to matters communicated to them by patients, in the course of their professional business, or advice given in such cases.")

attacks upon trial witness credibility, but rather to address issues demonstrably unavailable at trial and on direct appeal. Sanders v. State, 765 N.E.2d 591, 592 (Ind. 2002).

As for Mishler's contention that he was not provided with relevant documents, the post-conviction record and some of Mishler's own admissions belie his assertion that he was denied relevant materials within the post-conviction court's power to provide. Based upon our review of Mishler's motions and affidavits, he essentially sought to re-litigate his trial and undermine B.P.'s credibility. To this end, he sought investigative materials not submitted as evidence at trial, with the apparent belief that they were maintained by the post-conviction court or that the post-conviction court would actively engage in discovering such materials. The post-conviction court was entitled to balance a dubious benefit against a waste of judicial resources. Moreover, the post-conviction court ordered the release to Mishler of trial and appellate counsel's files and the trial transcript. We conclude that Mishler was not deprived of procedural due process in asserting his claims.

## II. Effectiveness of Counsel

Mishler contends he was denied the effective assistance of both trial and appellate counsel. Effectiveness of counsel is a mixed question of law and fact. Strickland v. Washington, 466 U.S. 668, 698 (1984). We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in Strickland. Id. To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and resulting prejudice. Dobbins v. State, 721 N.E.2d 867, 873 (Ind. 1999) (citing Strickland, 466 U.S. at 687). Deficient performance is that which falls below an objective standard of

reasonableness. Strickland, 466 U.S. at 687; see also Douglas v. State, 663 N.E.2d 1153, 1154 (Ind. 1996). Prejudice exists when a claimant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Cook v. State, 675 N.E.2d 687, 692 (Ind. 1996). The two prongs of the Strickland test are separate and independent inquiries. Strickland, 466 U.S. at 697. Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Id.

We "strongly presume" that counsel provided adequate assistance and exercised reasonable professional judgment in all significant decisions. McCary v. State, 761 N.E.2d 389, 392 (Ind. 2002). Counsel is to be afforded considerable discretion in the choice of strategy and tactics. Timberlake v. State, 753 N.E.2d 591, 603 (Ind. 2001). Counsel's conduct is assessed based upon the facts known at the time and not through hindsight. State v. Moore, 678 N.E.2d 1258, 1261 (Ind. 1997). We do not "second-guess" strategic decisions requiring reasonable professional judgment even if the strategy in hindsight did not serve the defendant's interests. Id. In sum, trial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside the objective standard of reasonableness. Autrey v. State, 700 N.E.2d 1140, 1141 (Ind. 1998).

In his petition for post-conviction relief, Mishler contended that his trial counsel was ineffective for: failure to argue that the State produced insufficient evidence of penetration

8

and obtain the assistance of an independent sex abuse expert to challenge a claim of penetration or inappropriate touching; failure to conduct adequate investigation and witness interviews; failure to challenge the multiple convictions on Double Jeopardy grounds; failure to thoroughly impeach B.P.; failure to object to alleged discrepancies in the charging information; and failure to prevent the prejudice resulting from cumulative adverse testimony.

On direct appeal, Mishler challenged the sufficiency of the evidence to support his convictions. This Court reviewed the evidence in favor of the convictions and concluded "that the evidence was sufficient to support Mishler's convictions." Mishler, 894 N.E.2d at 1103. He now asks that we find counsel ineffective for allegedly failing to challenge the sufficiency of the evidence presented by the State. This allegation is not proper grounds for post-conviction relief. See Stephenson v. State, 864 N.E.2d 1022, 1028 (Ind. 2007) (observing that if an issue is raised and decided on direct appeal, it is res judicata).

Mishler has also argued that his trial counsel should have obtained an expert who would have been familiar with the concept of penetration, and thus witnesses could have been more thoroughly challenged. He has further asserted that more intensive investigation and pre-trial examination of potential witnesses would have revealed the lack of penetration of B.P.'s sex organ. Apparently, Mishler is of the opinion that penetration of female external genitalia does not constitute penetration of the female sex organ. However, this contention is not consistent with Indiana law. See e.g., Short v. State, 564 N.E.2d 553, 559 (Ind. Ct. App. 1991) (observing that, "to sustain convictions for child molesting and incest, proof of the

slightest penetration is sufficient" and holding that penetration of external genitalia, or vulva, is sufficient to support an unlawful sexual intercourse conviction). Mishler's trial counsel was not ineffective for failure to claim that penetration did not occur.

Mishler claims that counsel remained silent as Mishler was subjected to double jeopardy under the actual evidence test of Richardson v. State, 717 N.E.2d 32 (Ind. 1999). Article I, Section Fourteen of the Indiana Constitution provides that "no person shall be put in jeopardy twice for the same offense." In Richardson, the Court held that the Indiana Double Jeopardy Clause is violated if there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." 717 N.E.2d at 53. The possibility must be reasonable, not speculative or remote. Boatright v. State, 759 N.E.2d 1038, 1044 (Ind. 2001). The Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the elements of one offense also establish one or several, but less than all, of the essential elements of a second offense. Spivey v. State, 761 N.E.2d 831, 833 (Ind. 2002).

B.P. testified that Mishler entered her bedroom during the night on two separate occasions. On the first occasion, Mishler pulled B.P's pants down to her knees and "started licking [her] private." (Tr. 75-76.) He also touched B.P.'s vagina with his finger in an "up and down" motion. (Tr. 78-79, 92.) She pretended to be sleeping. On the second occasion, Mishler "put his finger in [B.P.'s] private and licked it." (Tr. 72, 77-78.) Thus, the separate convictions for child molesting by oral stimulation of the sex organ and child molesting by

10

digital penetration do not rest upon the same evidentiary facts. Trial counsel was not ineffective in failing to raise a double jeopardy challenge.

Mishler has also asserted that his trial counsel should have been able to impeach B.P.'s credibility, highlight imprecise or conflicting language in the charging information, alleviate prejudice from cumulative adverse testimony, and exclude evidence of Mishler's juvenile history at the sentencing hearing. However, he fails to develop cogent argument explaining how counsel could have, within the bounds of the law, achieved a different outcome. For example, he provides no authority for the proposition that a defendant's juvenile history is inadmissible at sentencing. Mishler's bald assertions of counsel's omissions or mistakes are inadequate to support a post-conviction claim of ineffectiveness of counsel. See Tapia v. State, 753 N.E.2d 581, 587 (Ind. 2001).

B.P. was cross-examined and she admitted that she could have experienced a dream. It was not within counsel's purview to present witnesses lacking knowledge of the events at issue to further assail B.P.'s account. Trial counsel's efforts and strategy, although they did not ultimately achieve the result desired by Mishler, were not so unreasonable as to constitute ineffective assistance of counsel. See Badelle v. State, 754 N.E.2d 510, 539 (Ind. Ct. App. 2001) (deciding in relevant part that, when trial counsel's efforts were "more than adequate" to support a chosen defense, counsel's decision not to call or seek out additional witnesses was a judgment call within the wide range of reasonable assistance), trans. denied.

Mishler further claims that his appellate counsel was ineffective for failing to raise issues regarding double jeopardy and a defective charging information that – according to

11

Mishler – somehow resulted in his conviction of a crime for which he was not charged. He also faults appellate counsel with regard to a hearsay issue, either not presented or allegedly not presented well.

A defendant is entitled to the effective assistance of appellate counsel. Stevens v. State, 770 N.E.2d 739, 760 (Ind. 2002). The two-pronged standard for evaluating the assistance of trial counsel first enunciated in Strickland is applicable to appellate counsel ineffective assistance claims. Bieghler v. State, 690 N.E.2d 188, 192 (Ind. 1997). There are three basic categories of alleged appellate ineffectiveness: (1) denying access to an appeal, (2) waiver of issues, and (3) failure to present issues well. Id. At 193-95. Here, the latter two categories are implicated.

Appellate courts should be particularly deferential to an appellate counsel's strategic decision to include or exclude issues, unless the decision was "unquestionably unreasonable." Id. at 194. To prevail on his claim of ineffective assistance of appellate counsel, Mishler must show that counsel failed to present a significant and obvious issue and that this failure cannot be explained by reasonable strategy. See Stevens, 770 N.E.2d at 760. Appellate counsel is not deficient if the decision to present some issues rather than others was reasonable in light of the facts of the case and the precedent available to counsel when the choice was made. Id. Even if counsel's choice is not reasonable, to prevail, the petitioner must demonstrate a reasonable probability that the outcome of the direct appeal would have been different. Id.

Appellate counsel did not raise a double jeopardy argument. However, as previously discussed, the record of the victim's testimony does not support Mishler's double jeopardy contention. Too, appellate counsel did not present claims regarding an allegedly defective charging information. However, Mishler's brief fails to provide cogent argument with citation to relevant authority to demonstrate a reasonable probability that the outcome of his direct appeal would have been different had this issue been raised.

As for Mishler's contention that appellate counsel should have raised a hearsay argument, it is unclear whether he refers to the admission of evidence that was indeed challenged on direct appeal. Appellate counsel raised issues concerning the admission of B.P.'s pretrial statements and videotaped interview. See Mishler, 894 N.E.2d at 1099. The appellate challenge was unsuccessful. Mishler does not provide additional argument to demonstrate a reasonable probability of a different outcome.

A party waives any issue raised on appeal where the party has failed to develop a cogent argument or provide adequate citation to authority and portions of the record. Smith v. State, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005), trans. denied. Mishler has failed to comply with Appellate Rule 46 and we will not review bald assertions concerning appellate counsel's effectiveness.

Mishler has not shown that Appellate counsel overlooked a significant and obvious issue for appeal or failed to present an issue well.

### III. Post-Conviction Counsel

Finally, Mishler deems the withdrawal of his court-appointed post-conviction public defender to be "abandonment" in Mishler's "time of need." Appellant's Brief at 24.

Indiana Post-Conviction Rule 1(9)(a) provides that the Public Defender may represent an indigent petitioner committed to the Indiana Department of Correction "if the Public Defender determines the proceedings are meritorious and in the interests of justice." Section 9(c) provides for appointed counsel who has determined that the proceeding is not meritorious or in the interests of justice to file a withdrawal of appearance, accompanied by counsel's certification "that 1) the petitioner has been consulted regarding grounds for relief in his pro se petition and any other possible grounds and 2) appropriate investigation, including but not limited to review of the guilty plea or trial and sentencing records, has been conducted." The petitioner retains the right to proceed pro se, in forma pauperis if indigent, after counsel withdraws. Id.

The record indicates that Mishler's appointed counsel complied with the certification and withdrawal provisions. Indeed, Mishler does not contend otherwise. He merely claims entitlement to continued representation after investigation and consultation, regardless of the Public Defender's professional assessment of the merits of the claim for post-conviction relief. Our post-conviction rules do not mandate continued representation at public expense in these circumstances.

**Conclusion**

Mishler was not denied procedural due process in presenting his claim for post-conviction relief. He has not overcome the presumption that he received the effective

14

assistance of trial and appellate counsel. His post-conviction attorney's withdrawal was in accordance with Indiana post-conviction rules. Accordingly, the post-conviction court properly denied Mishler's petition for post-conviction relief.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.