**Donald ADAMS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A05–9706–CR–257.**

Court of Appeals of Indiana.

March 26, 1998.

Jeffrey E. Kimmell, Public Defender, South Bend, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Kimberly MacDonald, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

FRIEDLANDER, Judge.

Donald Adams appeals the sentence he received following convictions of criminal trespass and battery, class A misdemeanors, and criminal mischief, a class B misdemeanor, presenting the following restated issue for review:

> Did the defendant receive his Sixth Amendment guarantee of counsel at the sentencing hearing when he was represented by a third-year law student from the public defender's office who had not participated in the trial, was unfamiliar with the case, was not prepared for the sentencing hearing, and was unsupervised by an attorney?

We reverse.

The facts are that Adams had been convicted as set out above following a March 4, 1997 bench trial at which he was represented by counsel from the Public Defender's Office. The court ordered that a presentence investigation report be prepared and set the matter for sentencing. On June 3, 1997 the court conducted the sentencing hearing. At the hearing, Adams was represented by a Mr. Barrett from the Public Defender's Office. Barrett had not represented Adams at the trial, and had not met Adams prior to that morning. In fact, Barrett was not yet an attorney, but a third-year law student working in the Public Defender's Office.

At the outset of the hearing, Barrett indicated that he was uncomfortable representing Adams at the sentencing hearing because he was unfamiliar with the case. After the State called its first witness, Barrett was asked if he wished an opportunity to question the witness on behalf of Adams. Barrett responded as follows:

> Your Honor, I guess the first thing I'd like to [d]o is establish for the record that I have had all of ten minutes to speak to Mr. Adams. I'm not as familiar with his (inaudible) as the prosecutor and of course the victim in this case, so I would first question the adequacy of Mr. Adams's representation here. As I'm not familiar with the underlying case, I have no questions I can even begin to ask this victim.

> THE COURT: Well, I remember the trial. I did the trial. If there's a problem of representation why isn't one of the regular public defenders up here in front of the bench with this defendant?

> MR. BARRETT: Your Honor, I have no idea. The document was handed to me; as I understand it, any of the public defenders in this room today would have the same problem. Today is the first day I have spoken to Mr. Adams.

*Record* at 123–24. The court decided to proceed with the sentencing hearing in spite of Barrett's concerns.

Adams's claim upon appeal is that he received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. An ineffective assistance of counsel inquiry focuses upon counsel's performance and whether, in view of all the circumstances, it was outside the range of professionally competent assistance. *See Brown v. State*, 691 N.E.2d 438 (Ind.1998). Rather than focus upon counsel's performance, however, we conclude

that the relevant question here is whether Adams was afforded counsel at all.

[1] A defendant has a right to counsel at all critical stages of a criminal proceeding against him. *Martin v. State,* 588 N.E.2d 1291 (Ind.Ct.App.1992). It is well settled that sentencing is a critical stage of the proceedings at which a defendant is entitled to representation by counsel. *Id.* We are faced with deciding in the instant case whether the third-year law student's representation constituted representation by counsel.

■ While we find no Indiana case which discusses representation by a law student in the context of the Sixth Amendment guarantee, it is clear that the mere fact of active participation by a law student does not indicate that legal representation did not comport with minimal constitutional standards. We note in this regard that the Indiana Rules for Admission to the Bar and the Discipline of Attorneys permit representation by law students under certain circumstances. So long as a law student meets the requirements to serve as a legal intern, *see* Ind.Admission and Discipline Rule 2.1(1)(a) and (b), he or she may undertake representation as follows:

> A legal intern may interview, advise, negotiate for, and represent parties in any judicial or administrative proceeding in this State, provided all activities undertaken are supervised and approved by an attorney who is a member of the Bar of this State. A legal intern shall inform each client of his or her intern status, and that the intern is not a licensed attorney.... *The personal presence of a supervising attorney is required in any proceeding in open court.*

Admis.Disc.R. 2.1(4) (emphasis supplied). As noted in Ind.Professional Conduct Rule 9.1, so long as the lawyer maintains responsibility for the work product, "a lawyer may delegate to a legal assistant any task normally performed by the lawyer", Prof.Cond.R. 9.1, except those tasks for which such delegation is prohibited by statute, court rule, administrative rule or regulation, controlling authority, or the Rules.

Adams does not claim that a law student is specifically prohibited from representing a defendant at a sentencing hearing, nor do we find authority for the proposition. Indeed, the language of Admis.Disc.R. 2.1(4) is expansive enough so as to leave little doubt that such representation is appropriate under the appropriate circumstances. Assuming that Barrett met the qualifications set out in Admis.Disc.R. 2.1(1), the remaining question concerns whether Barrett was properly supervised.

■ We find no indication of record that an attorney who could offer meaningful supervision of Barrett in Adams's case was present in the courtroom. To the contrary, it appears that Barrett's supervision amounted to little more than someone handing Adams's file to him mere moments before the sentencing hearing was to begin. It does not appear that he even was briefed about the basic facts of Adam's case, much less that he received any instruction or advice concerning the case. It was therefore not surprising that, at the hearing, he candidly admitted to being totally unfamiliar with Adams's case and expressed reservations about his ability to provide adequate representation.

In view of the lack of any meaningful supervision by an attorney from the Public Defender's Office over Barrett's representation, and coupled with Barrett's total lack of familiarity with the case, *cf. Collins v. State,* 163 Ind.App. 72, 321 N.E.2d 868 (1975) (violation of the right to counsel occurs if counsel is appointed so shortly before the commencement of the proceeding that there cannot have been time for effective preparation), we conclude that Adams was effectively unrepresented at the hearing. Because such lack of representation was not the product of Adams's volition, *see Dowell v. State,* 557 N.E.2d 1063 (Ind.Ct.App.1990), *trans. denied, cert. denied, Indiana v. Dowell,* 502 U.S. 861, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991) (the right to counsel can only be relinquished by a knowing, voluntary, and intelligent waiver of the right), the sentencing hearing was conducted in violation of

Adams's Sixth Amendment right to counsel.[1] As a result, the sentence must be reversed and this cause is remanded for a new sentencing hearing.

Judgment reversed.

SULLIVAN and KIRSCH, JJ., concur.

---

1. We need not determine whether Adams was prejudiced by the lack of representation, because we decide the case upon the basis of lack of representation, as opposed to ineffective assistance of counsel. However, the result would be the same under the latter theory. Among other things, Adams was prejudiced by counsel's inability to argue mitigating circumstances in support of a reduced sentence. *See Averhart v. State,* 614 N.E.2d 924 (Ind.1993).