763 N.E.2d 464 (2002)
J.W., Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 85A04-0108-JV-365.
Court of Appeals of Indiana.
January 29, 2002.
Publication Ordered February 21, 2002.
*465 Gary A. Cook, Peru, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
RILEY, Judge.

STATEMENT OF THE CASE
Appellant-Respondent, J.W., a juvenile, appeals an adjudication finding him to be a delinquent child for committing theft, Ind. Code § 35-43-4-2, an act which would be a Class D felony if committed by an adult, and forgery, Ind.Code § 35-43-5-2, an act which would be a Class C felony if committed by an adult.
We reverse and remand.

ISSUE
J.W. raises one issue on appeal, which we restate as follows: whether the juvenile court erroneously conducted a fact-finding hearing by allowing the defense counsel to withdraw after J.W. informed the juvenile court that he wished to have counsel during the hearing.

FACTS AND PROCEDURAL HISTORY
On April 30, 2001, the juvenile court conducted a fact-finding hearing. At the beginning of this hearing, J.W.'s counsel advised the court of her desire to withdraw *466 from the case. J.W.'s counsel explained that she represented J.W. in a case during the previous week and that J.W. and his father, Mr. Wilcox, were dissatisfied with her services. According to J.W.'s counsel, Mr. Wilcox intended to file an appeal on the previous case alleging ineffective assistance of trial counsel. Mr. Wilcox informed the judge that he did not want J.W.'s present counsel to continue to represent his son. Moreover, Mr. Wilcox asked for a continuance in order to have time to secure private counsel for his son.
Initially, J.W. agreed with his father and stated that he was unhappy with his counsel's performance due to the previous case. However, J.W. specifically stated that he wanted to proceed at the hearing with his appointed counsel. The following exchange took place between the court and J.W.:
THE COURT: [J.W.], let me ask you, you've probably talked a little more with Ms. Zimmerman-Irgang about this case more than anyone else. Do you want to go forward today, whether or not you have her representing you?
J.W.: Uh, to me I would like to have her....
THE COURT: Okay, now, let me, let me rephrase that....
J.W.: Okay.
THE COURT: I didn't ask that in the right way. Do you want to go, you want to have Ms. Zimmerman represent you on this case, or do you want to have her fired?
J.W.: Well, I, in one way I do, and in one way I don't. I feel that the last case I had, uh, should not have been uh, guilty. I didn't do it. and I didn't think that she helped me out. And I don't see why she wouldn't do it.
(R. 5). The juvenile court continued to question J.W. about whether he wanted Ms. Zimmerman-Ingang to continue to represent him. During this exchange, Ms. Zimmerman-Ingang interjected that she could not represent J.W. due to the underlying circumstances and requested that the juvenile court continue the scheduled hearing in order to give J.W. and Mr. Wilcox ample time to seek a new lawyer. The juvenile court responded, "Alright. As to allowing you to withdraw, I'll grant that Motion, but I'm not sure that I'll grant the continuance. That's something that I'll decide here in a moment after I give both sides a chance to talk about it." (R. 6).
After reviewing the docket, the Prosecutor found that the fact-finding hearing for this matter was already continued two times and he also stated that his witnesses were currently present in the courtroom. The Prosecutor wanted to proceed with the hearing. Then, the following exchange transpired between the juvenile court and J.W.:
THE COURT: I did review the docket and it does appear that this had been set for two other times and then continued to be heard today. So, I guess I want to give you the choice that you need to make today, [J.W.], if indeed Ms. Zimmerman is allowed to withdraw, we'll go ahead and have the trial today. I'll make a decision based on upon the evidence that I hear today, even without your lawyer being present. Or if you want to go ahead today with her being present and assisting you, we can do that. So, let me ask you one more time, do you want to go ahead today if it means going ahead today without a lawyer?
J.W.: Uh, I would like to have her, I guess I would like to have her here with me.
(R. 7). J.W.'s counsel again reiterated her concern over representing J.W. and the juvenile court permitted her to withdraw.
*467 The juvenile court then proceeded with the fact-finding hearing without representation for J.W. and found J.W. to be a delinquent. On June 4, 2001, the juvenile court committed J.W. to the Indiana Boys' School until he turns twenty-one (21) years old or is otherwise discharged.
This appeal followed.

DISCUSSION AND DECISION
J.W. argues, and the State concedes, that the juvenile court erroneously allowed him to proceed with the fact-finding hearing without representation. Specifically, J.W. states that he never waived his constitutional right to be represented by counsel, nor does the record show that he asserted his right to self-representation. Further, J.W. maintains that the juvenile court had a duty to advise him of the advantages of representation and the dangers of self-representation. Because J.W. was denied legal counsel at the fact-finding hearing and because J.W. did not validly waive his right to counsel, he asks for a new trial.
The Sixth Amendment to the United States Constitution guarantees a defendant the right of assistance of counsel to protect his fundamental right to a fair trial.[1] Implicit in this amendment is a defendant's right to self-representation that is, to proceed propria persona. Faretta v. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Sherwood v. State, 717 N.E.2d 131, 134 (Ind. 1999). The decision to proceed pro se must be made voluntarily, knowingly and intelligently because, by asserting this right, the defendant simultaneously waives his or her right to the assistance of counsel. See Faretta, 422 U.S. at 807, 95 S.Ct. 2525; Sherwood, 717 N.E.2d at 134.
Generally, a request to waive counsel should prompt the court to conduct a pre-trial hearing to determine a defendant's competency to proceed without counsel and to establish a record of a defendant's waiver of his right to counsel. Dobbins v. State, 721 N.E.2d 867, 873 (Ind.1999). Hearings on the question of self-representation need only be had when the right is properly asserted, by a clear and unequivocal request within a reasonable time prior to the first day of trial. Id. The sole purpose of this hearing is to determine the defendant's competency to represent himself, and to establish a record of his waiver of his right to counsel. Id. There is no requirement that a defendant be advised of the right to self-representation, nor is a knowing, voluntary and intelligent waiver of the right of self-representation constitutionally mandated. Id. However, the record must show that the defendant was advised of the nature, extent, and importance of the right to counsel and the consequences of waiving that right. Callahan v. State, 719 N.E.2d 430, 439 (Ind.Ct.App.1999). Specifically, the juvenile court should warn a defendant who proceeds pro se in a criminal case of the dangers and pitfalls of self-representation. Poynter v. State, 749 N.E.2d 1122, 1127 (Ind.2001).
The decision whether to grant a defendant's request to change his counsel immediately prior to trial is a matter within the sound discretion of the trial court. Robinson v. State, 724 N.E.2d 628, 634 *468 (Ind.Ct.App.2000), trans. denied. The determination of the trial court will be reversed only when it constitutes a clear abuse of discretion that resulted in prejudice to the defendant's right to a fair trial. Id.
In the present case, the record does not reflect that J.W. voluntarily, knowingly, and intelligently waived his right to counsel. J.W. neither waived his right to counsel nor asserted his right to self-representation. In fact, J.W. was forced to represent himself after the juvenile court allowed J.W.'s counsel to withdraw immediately prior to his trial. Further, the record does not demonstrate that the juvenile court adequately advised J.W. of the nature, extent, and importance of the right to counsel and the consequences of waiving that right. See Callahan, 719 N.E.2d at 439. However, the record shows that J.W.'s appointed counsel wished to withdraw and that Mr. Wilcox wanted to hire private counsel for J.W. J.W.'s appointed counsel and Mr. Wilcox both requested that a continuance be granted by the juvenile court in order to provide J.W. with an opportunity to retain private counsel. Although the instant case was continued twice, there was no showing that J.W. intended to manipulate the process or cause gross delays. See Poynter, 749 N.E.2d at 1124-25. Nonetheless, the juvenile court denied the requests for a continuance.
Instead, the juvenile court presented J.W. with the option of proceeding in the fact-finding hearing with his appointed counsel or without counsel. J.W. exercised his fundamental right to counsel when he responded, "Uh, I would like to have her, I guess I would like to have her here with me." (R. 7). However, the juvenile court still allowed J.W.'s appointed counsel to withdraw from the case immediately prior to his trial due to the fact that there were underlying circumstances preventing her from adequately representing J.W. J.W. did not voluntarily, knowingly, and intelligently waive his right to counsel in order to proceed pro se at the fact-finding hearing. He never exercised his right to self-representation. The record is devoid of any evidence that J.W. was advised regarding the pitfalls and dangers of self-representation. See Poynter, 749 N.E.2d at 1127. Therefore, we find that the juvenile court abused its discretion by failing to grant J.W.'s motion for a continuance so that he could obtain private representation. See Robinson, 724 N.E.2d at 634. Thus, we conclude that the juvenile court's abuse of discretion resulted in prejudice to J.W.'s right to a fair trial. Id.

CONCLUSION
Based on the foregoing, we find that the facts and circumstances presented do not establish that J.W. voluntarily, knowingly, and intelligently waived his right to counsel.
Reversed and remanded.
BROOK, C.J., and MATHIAS, J., concur.

ORDER
This Court having heretofore handed down its opinion in this cause on January 29, 2002, marked Memorandum Decision, Not for Publication:
Comes now the Appellant, by counsel, and files herein Motion to Publish, alleging therein that the opinion involved an issue of substantial public importance in that in this case, the Defendant became dissatisfied with appointed counsel and sought to hire his own counsel, but that the trial court erroneously forced the Defendant to proceed propria persona purportedly because of the inordinate delay that permitting the Defendant and his father to hire *469 private counsel would cause and the public should be informed of the right to hire private counsel if done so in a reasonable manner.
The Court having examined said Motion and being duly advised, now finds that the same should be granted.
IT IS THEREFORE ORDERED as follows:
1. The Appellant's Motion to Publish is granted and the Court's opinion heretofore handed down in this cause on January 29, 2002, marked Memorandum Decision, Not for Publication, is now ordered published.
All Panel Judges concur.
NOTES
[1] A juvenile facing a delinquency proceeding, like any adult criminal defendant, is entitled to the assistance of counsel "to cope with the problems of law, to make skilled inquiry into the facts, to insist upon regularity of the proceedings, and to ascertain whether he has a defense to prepare and submit it. The child requires the guiding hand of counsel at every step in the proceedings against him." In re Gault, 387 U.S. 1, 36, 87 S.Ct. 1428, 1448 (1967).