## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2019, 6:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan M. Truitt
Bertig and Associates, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Hakimah Qualls,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 31, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1127<br><br>Appeal from the Porter Superior Court<br><br>The Honorable Roger V. Bradford, Judge<br><br>Trial Court Cause No.<br>64D01-1509-F5-8078 |

**Mathias, Judge.**

[1] Following a jury trial in Porter Superior Court, Hakimah Qualls ("Qualls") was convicted of Level 5 felony escape, Level 6 felony battery, and Level 6 felony operating while intoxicated. The trial court initially sentenced Qualls to an aggregate term of three years executed and three years suspended to probation. Qualls failed to surrender herself to serve the executed portion of her sentence but was apprehended shortly thereafter. On the State's motion, the trial court held a new sentencing hearing. At the hearing, Qualls requested counsel, but the trial court denied her request and re-sentenced her to an executed term of six years. Qualls appeals and presents two issues, which we restate as: (1) whether the trial court denied her Sixth Amendment right to counsel when it denied her request for counsel at the re-sentencing hearing, and (2) whether the trial court had authority to re-sentence Qualls. The State concedes that the trial court had no authority to re-sentence Qualls after its initial imposition of sentence.

[2] We reverse and remand.

## Facts and Procedural History

[3] On September 19, 2015, Qualls drove her car, with her four young children, even though she was intoxicated. Qualls's erratic driving caused two pedestrians to jump off the roadway. Qualls then lost control of her vehicle and crashed into a ditch on the side of the road. The two pedestrians ran to check on the occupants of the crashed vehicle and found Qualls and her children inside. Qualls asked them not to call the police, but they had already done so.

[4]     When the police arrived, Qualls was still in the driver's seat. The responding officer noted the smell of alcohol coming from Qualls, who avoided eye contact with the officer and refused to speak. The officer helped Qualls out of the car, as the driver's side door was pinned against a tree. Qualls ignored the officer's questions but spoke to her children in slurred speech. She then gave one of her daughters a large amount of cash and told her to ignore the police and not obey their commands. Qualls also instructed her children to flee the scene. Qualls gave the police a false name, but they were able to ascertain her identity when they discovered an Indiana identification card in her pocket. The investigating detective put Qualls in her police vehicle to transport her to the police station so that she could conduct field sobriety tests in a more controlled environment.

[5]     On the way to the station, Qualls appeared to be "messing" with her handcuffs. Tr. Vol. II, p. 199. By the time they arrived at the station, Qualls had slipped out of one of her handcuffs and unbuckled her seat belt. The detective ordered Qualls out of the vehicle, but Qualls ignored her commands. Qualls then moved as if to exit the vehicle but instead took a swing at the detective, who jumped out of the way to avoid being hit. Qualls then ran away but eventually fell down in a nearby yard and the detective soon caught up with her. Still, Qualls flailed her arms and legs, striking the detective. When the detective grabbed one of Qualls's arms, she bit her. She also grabbed and twisted the detective's leg. Another officer arrived on the scene to assist, and the two were able to subdue Qualls and return her to the station.

[6] At the station, the detective read Qualls the Indiana implied consent statute and asked her permission to take a chemical test. Qualls did not respond, and the detective warned her that silence would be considered as a refusal to give consent. Nevertheless, the detective reread the implied consent statute to her several times, and Qualls finally stated that she did not want to consent because she believed the police would lie about the results. The detective then obtained a warrant to obtain a blood sample from Qualls to test for alcohol. The police took Qualls to the hospital where a blood sample was drawn. Subsequent testing revealed that Qualls blood alcohol content was 0.143.

[7] On September 21, 2015, the State charged Qualls with Level 5 felony battery, Level 6 felony battery, Level 6 felony operating while intoxicated, Class A misdemeanor operating while intoxicated, two counts of Class C misdemeanor operating while intoxicated, and Class C misdemeanor operating a motor vehicle without ever having a license. On October 5, 2015, the State filed additional counts of Level 5 felony escape and Level 6 felony identity deception

[8] A jury trial was held from November 14–17, 2017. At trial, the court granted Qualls's motion to dismiss the charge of identity deception. During the trial, the prosecuting attorney brought it to the court's attention that he had overheard Qualls tell her son to testify that he was driving. Qualls's son denied this but did testify that he had driven and crashed the car. Qualls too testified that her son was driving. She also testified that she did not hit or bite the investigating detective. The jury ultimately found Qualls guilty of Level 5 felony escape, the

lesser-included offense of Level 6 felony battery, Level 6 felony operating while intoxicated, and Class A misdemeanor operating while intoxicated.

[9] On February 26, 2018, the trial court held a sentencing hearing. The trial court found as aggravating that Qualls had a history of criminal activity and that Qualls had lied to the police and the court and suborned perjury by encouraging her son to lie in court. The trial court sentenced Qualls to six years on the Level 5 felony escape conviction, with three years executed and three years suspended to probation. The court also sentenced Qualls to concurrent terms of three years on each of the Level 6 felony convictions[1] and ordered those sentences to be served concurrently with the six-year sentence on the Level 5 felony. The trial court determined that the guilty verdict Class A misdemeanor operating while intoxicated "merged" with the Level 6 felony operating while intoxicated conviction and did not enter judgment or impose a separate sentence for that count. The trial court ordered Qualls to surrender herself on March 5, 2018, to begin serving the executed portion of her sentence.

[10] On March 5, 2018, Qualls filed a motion requesting additional time to turn herself in. The trial court granted the motion and ordered Qualls to surrender herself no later than noon on March 12, 2018. On that deadline, Qualls's

---

[1] As acknowledged by the State, and discussed *infra*, the trial court could not properly sentence Qualls to three years on the Level 6 felony convictions, as the statutory maximum sentence for a Level 6 felony is two and one-half years. Ind. Code § 35-50-2-7(b).

counsel appeared in court without Qualls to request an additional extension of time, which the trial court denied. Qualls did not surrender herself, and the trial court issued a warrant for her arrest. Qualls was eventually apprehended on March 20, 2018.

[11] Apparently irritated by Qualls's behavior, the prosecuting attorney filed a motion to vacate Qualls's sentence and re-sentence her. The trial court held a hearing on the State's motion on April 17, 2018. At this hearing, Qualls appeared in custody and without representation.[2] Qualls requested counsel, but the trial court denied this request. The trial court then revised its previous sentencing order by vacating the suspended portion of Qualls's six-year sentence on the Level 5 felony and ordering the original six-year sentence to be fully executed. Qualls now appeals.

## Right to Counsel

[12] Qualls first claims that the trial court deprived her of the right to counsel at the sentencing hearing. We agree.

[13] The Sixth Amendment to the United States Constitution guarantees a defendant a right to the assistance of counsel. *Puckett v. State*, 843 N.E.2d 959, 965 (Ind. Ct. App. 2006) (citing *J.W. v. State*, 763 N.E.2d 464, 467 (Ind. Ct.

---

[2] The trial court had permitted Qualls's trial counsel to withdraw after Qualls filed a disciplinary complaint against him.

App. 2002)). Courts have interpreted this right to mean that a defendant has a right to counsel at all critical stages of a criminal proceeding against her. *Id*. (citing *Adams v. State*, 693 N.E.2d 107, 108 (Ind. Ct. App. 1998)). Further, it is clear that sentencing is a critical stage of the proceedings at which a defendant is entitled to representation by counsel. *Id*.

[14]     Here, Qualls had an unquestionable constitutional right to counsel at the sentencing hearing. Yet the trial court denied her request for counsel. This was clearly improper. For this reason alone, we would be justified in reversing the trial court's revised sentencing order. But under the unique circumstances of the present case, we also address Qualls's claims regarding the propriety of the trial court revising her sentence at all.

## Authority of the Trial Court Following Sentencing

[15]     Qualls also contends, and the State concedes, that the trial court had no authority to revisit its original sentencing order. "A trial judge generally has no authority over a defendant after sentencing." *State v. Harper*, 8 N.E.3d 694, 696 (Ind. 2014).[3] After issuing a sentencing order, which is a final judgment, a trial court retains only such continuing jurisdiction as permitted by the judgment or granted to the court by statute or rule. *State v. Porter*, 729 N.E.2d 591, 592 (Ind.

---

[3] The legislature may, however, grant a trial court authority, under certain circumstances, to modify a defendant's sentence. *See id*. (identifying the "shock probation statute" as a "notable exception" to this general rule) (citing Ind. Code § 35-38-1-17(a); *Dier v. State*, 524 N.E.2d 789, 790 (Ind. 1988)).

Ct. App. 2000). Instead, after a sentence is pronounced, jurisdiction over the defendant goes to the Department of Correction. *Dier v. State*, 524 N.E.2d 789, 790 (Ind. 1988); *Woodford v. State,* 58 N.E.3d 282, 284 n.4 (Ind. Ct. App. 2016).

[16]     In the present case, the trial court cited no statutory authority for its alteration of its original sentencing order, and we are aware of none. Nor did the trial court's original sentencing order reserve any authority to modify the sentence at a later date. Accordingly, we agree with Qualls and the State that the trial court exceeded its authority when it revised Qualls's original sentence. We therefore reverse the trial court's sentencing order and remand with instructions that the trial court re-impose its original sentence on the Level 5 felony conviction, i.e., three years executed and three years suspended to probation.

[17]     As noted above, the trial court also exceeded its statutory authority by imposing three-year sentences on the two Level 6 felony convictions, as the statutory maximum sentence for a Level 6 felony is two and one-half years. *See* Ind. Code § 35-50-2-7(b). We therefore remand with instructions that the trial court correct this error by imposing concurrent sentences of two and one-half years on the Level 6 felony convictions. Qualls's aggregate sentence will then be three

years executed and three years suspended to probation, as provided in the trial court's original sentencing order.[4]

[18] Reversed and remanded for proceedings consistent with this opinion.

Vaidik, C.J., and Crone, J. concur.

---

[4] The State requests that we hold that Qualls has waived any claim regarding the appropriateness of her sentence by failing to present it in this appeal. However, we decline to issue what would essentially be an advisory opinion on this matter. The issue of waiver should be addressed if and when Qualls presents a claim of an inappropriate sentence.