


FILED

Aug 29 2025, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Brandon L. Keener,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

August 29, 2025

Court of Appeals Case No.
24A-CR-1894

Appeal from the Allen Superior Court

The Honorable Steven O. Godfrey, Judge

Trial Court Cause Nos.
02D04-2301-F6-000072
02D04-2309-F6-001168

---

**Opinion by Judge Felix**
Judges Pyle and Weissmann concur.

**Felix, Judge.**

## Statement of the Case

While on probation for maintaining a drug house, Keener assaulted his girlfriend. Keener was charged with domestic battery, and he requested a speedy trial on that charge. Due to court congestion, Keener's trial was not set to begin until after his 70-day speedy trial window closed, so Keener personally objected to that trial date several times; his attorney did not join in his objections. Keener was ultimately convicted of domestic battery as charged, and his probation was revoked. Keener was sentenced to two-and-a-half years of incarceration for the domestic battery conviction, and his suspended sentence was executed for the probation violation. Keener now appeals and raises three issues for our review, which we restate as follows:

1. Whether the trial court was required to address Keener's objections to his trial date when Keener was represented by counsel;
2. Whether Keener's sentence for his domestic battery conviction is inappropriate under Indiana Appellate Rule 7(B); and
3. Whether the trial court abused its discretion by executing Keener's suspended sentence as a sanction for the probation violation.

We affirm.

## Facts and Procedural History

This appeal stems from two of Keener's criminal causes: Cause 02D04-2301-F6-000072 (the "Nuisance Cause") and Cause 02D04-2309-F6-001168 (the

"Battery Cause").[1] In March 2023 in the Nuisance Cause, Keener pled guilty to one count of maintaining a common nuisance as a Level 6 felony because he had "[m]aintained a home that was used to sell and possess narcotics" in Allen County, Indiana. F6-72 Tr. Vol. II at 14. Pursuant to his plea agreement, Keener was sentenced to two years suspended to probation.

[4] On August 8, the probation department filed a petition to revoke Keener's probation, alleging in relevant part that (1) on August 2, Keener had allegedly "touched victim A.T. in a rude, insolent, or angry manner"; and (2) "[s]ome time between" mid-June and late-July, Keener had allegedly "stolen a car." Appellant's App. Vol. II at 53. Both incidents allegedly occurred in Allen County, and both were reported to law enforcement. Based on the petition, the trial court issued a warrant for Keener's arrest.

[5] On August 30, Keener was with his long-term girlfriend A.T. near a bus stop in downtown Fort Wayne, Indiana, when they began arguing. At some point during their argument, Keener punched A.T. and pushed her, which caused A.T. to fall and hit her head on the side of a picnic table. A.T. sustained a bruise to her left eyebrow area and a small "contusion or abrasion" in the middle of that bruise. F6-1168 Tr. Vol. II at 199. Two women witnessed the

---

[1] We cite to the transcript in the Nuisance Cause as "F6-72 Tr." and the transcript in the Battery Cause as "F6-1168 Tr."

altercation and called law enforcement. Keener was arrested, and his outstanding warrant in the Nuisance Cause was served the next day.

[6]     As a result of the August 30 altercation, the State charged Keener in the Battery Cause with domestic battery as a Level 6 felony[2]. At his initial hearing on September 8, 2023, where he was unrepresented, Keener requested a speedy trial pursuant to Indiana Criminal Rule 4(B). Due to court congestion, continuance requests from both sides, and Keener eventually being released on his own recognizance in the Battery Cause, his jury trial did not occur until June 2024. The jury found Keener guilty as charged in the Battery Cause. Later, the trial court found that Keener had violated his probation in the Nuisance Cause. After a hearing, the trial court sentenced Keener in the Battery Cause to a maximum sentence of two-and-a-half years executed at the Indiana Department of Correction. For Keener's probation revocation in the Nuisance Cause, the trial court executed his two-year suspended sentence. Keener now appeals.[3]

---

[2] Ind. Code § 35-42-2-1.3.

[3] Keener separately appealed his probation revocation sentence in the Nuisance Cause and his conviction and sentence in the Battery Cause, but he later filed a motion to consolidate the two appeals, which this court granted.

## Discussion and Decision

### 1. The Trial Court Was Not Required to Address Keener's Personal Criminal Rule 4(B) Objections

[7] Keener challenges the trial court's "den[ial]" of his "continued objections" to the November 28 trial date as outside of his Criminal Rule 4(B) 70-day window. Appellant's Br. at 17. Criminal Rule 4(B) provides in relevant part that an incarcerated defendant may "move for an early trial" and that defendant will be discharged "if not brought to trial within seventy (70) calendar days from the date of such motion." Ind. Crim. Rule 4(B)(1) (effective Jan. 26, 1987, to Dec. 31, 2023).[4]

[8] At his initial hearing in the Battery Cause on September 8, Keener requested a speedy trial pursuant to Criminal Rule 4(B), and he requested appointed counsel. On September 12, a public defender ("Defense Counsel") entered his appearance on behalf of Keener. At a hearing before a magistrate on September 20, Defense Counsel noted Keener's speedy trial request, and his trial was scheduled for November 28 and 29, which were "the first date[s] available for speedy trial" on the trial judge's calendar "where there [were] not already two

---

[4] Criminal Rule 4 was replaced effective January 1, 2024. Order Amending the Rules of Crim. Proc. 1, 12–13, 24, No. 23S-MS-10 (Ind. June 23, 2023). Keener does not acknowledge the change in Criminal Rule 4, and he quotes the current version of Criminal Rule 4(B). The State asserts the version of Criminal Rule 4 that was in effect in 2023 applies because Keener moved for discharge in 2023. We agree with the State and apply the 2023 version of Criminal Rule 4. *See Grimes v. State*, 235 N.E.3d 1224, 1230 (Ind. 2024) ("Because Grimes moved for discharge before we amended the rule, all references to the rule throughout this opinion are to the version effective to December 31, 2023—the version, that is, providing the remedy of 'discharge.'").

speedy trial[s] set." F6-1168 Tr. Vol. II at 9. Keener took issue with those dates, and the magistrate explained the trial court's schedule to Keener as follows:

> THE COURT: Well, we can put your case on a speedy trial date where there's already two speedy trials set and then one of those speedy trials will go to trial, yours will get bumped on court congestion, and we'll set it out several more months. Or, we can take those November 28 and 29 dates and guarantee that your case will go. Which would you like to do?
>
> THE DEFENDANT: I just know my rights, that I need to be in trial within seventy (70) days, and that's what I want.
>
> [DEFENSE COUNSEL]: This is the quickest…
>
> THE COURT: Unless there's other speedy trial that come before yours. Judge Godfrey can only try one speedy trial at a time.

*Id.* at 9–10. In its ensuing order, the trial court set trial for November 28 and 29, and it noted that "this trial is set for 'the first setting not already occupied by a superseding speedy trial request.'" Appellant's App. Vol. II at 81.

[9] At a pretrial conference on October 24, Keener stated he "reject[ed]" the November 28 trial date because it "is past my seventy (70) days." F6-1168 Tr. Vol. II at 15. Defense Counsel noted that Keener "is set for speedy trial," and that the November 28 trial date was "the first available speedy trial date on [the trial court's] calendar when we set it, *id.* at 14; Defense Counsel did not object to the November 28 trial date. Similarly, at a hearing on November 7

concerning the State's motion to amend its witness list, Keener stated that he did "not accept the trial date of 28 and 29 because it's outside the seventy (70) days that I – from my – for my fast and speedy." F6-1168 Tr. Vol. II at 20–21. Defense Counsel did not object to the November 28 trial date. The trial court acknowledged Keener's statement but did not take any action on it.

[10] At a hearing on November 20 concerning the State's latest motion to amend its witness list, Keener requested he be discharged pursuant to Criminal Rule 4(B): "I'd also like to bring to the Court's attention pursuant to Criminal Rule 4B my seventy (70) days has elapsed since the time that I asked for a fast and speedy trial on September 8th. . . . So, according to the law, I should be released today." F6-1168 Tr. Vol. II at 25–26. Defense Counsel did not object to the November 28 trial date or request Keener be discharged. After a hearing on November 27 at which the trial court granted the State's request to continue Keener's trial to February 2024, the trial court released Keener on his own recognizance in the Battery Cause. Keener remained incarcerated on his probation violation in the Nuisance Cause.

[11] On November 29, the trial court received a letter from Keener dated November 26, in which Keener took issue with the November 28 trial date and complained the court intended to "violate [his] constitutional rights." Appellant's App. Vol. II at 113. Keener wrote similar letters to the trial court through April 2024. The trial court declined to take action on Keener's letters "[a]fter reviewing

Indiana Rule of Criminal Procedure 21[5] and Indiana Trial Rule 11[6]."
Appellant's App. Vol. II at 119, 126, 146, 152–53, 160, 163, 165, 168, 170.

[12] On appeal, Keener argues the trial court erred by "deny[ing]" his personal objections on the basis that he was represented by counsel who did not join in those objections. Appellant's Br. at 17. When faced with a Criminal Rule 4 issue that "involves 'a question of law applied to undisputed facts, the standard of review—like for all questions of law—is de novo,' with the 'ultimate reasonableness of the trial court's findings' dependent on 'the facts and circumstances of the particular case.'" *Bradley v. State*, 248 N.E.3d 563, 567 (Ind. 2024) (quoting *Austin v. State*, 997 N.E.2d 1027, 1039 (Ind. 2013)). "When the trial court makes factual findings (of congestion or emergency to justify a deadline extension), appellate courts show 'reasonable deference' to those findings and reverse only for 'clear error.'" *Id.* (citing Austin, 997 N.E.2d at 1040).

---

[5] "The Indiana rules of trial and appellate procedure shall apply to all criminal proceedings so far as they are not in conflict with any specific rule adopted by this court for the conduct of criminal proceedings." Ind. Crim. Rule 21 (effective Mar. 1, 1997, to December 31, 2023). As of January 1, 2024, Indiana Criminal Rule 21 has been replaced by Criminal Rule 1.1. *See* Order Amending the Rules of Crim. Proc. 1–2, 24, No. 23S-MS-10 (Ind. June 23, 2023).

[6] "Every pleading or motion of a party represented by an attorney shall be signed by at least one [1] attorney of record in his individual name, whose address, telephone number, and attorney number shall be stated, except that this provision shall not apply to pleadings and motions made and transcribed at the trial or a hearing before the judge and received by him in such form. . . . If a pleading or motion is not signed . . . it may be stricken as sham and false and the action may proceed as though the pleading had not been served. . . . " Ind. Trial Rule 11(A).

[13] "For a party to preserve a claim for review, we generally require that party to object to the trial court's ruling and to state the reasons for that objection." *Bradley*, 248 N.E.3d at 573 (citing *Durden v. State*, 99 N.E.3d 645, 651 (Ind. 2018)). Importantly, if a defendant is represented by counsel, the defendant "speaks to the court **through counsel**." *Anderson v. State*, 160 N.E.3d 1102 (Ind. 2021) (mem.) (emphasis added) (citing *Underwood v. State*, 722 N.E.2d 828, 832 (Ind. 2000)); *Smith v. State*, 210 N.E.3d 312, 319 (Ind. Ct. App. 2023) (emphasis added) (citing *Underwood*, 722 N.E.2d at 832). This means that when a defendant has counsel, any objection to a trial setting based on a Criminal Rule 4 deadline must be made through that counsel. *See Anderson*, 160 N.E.3d 1102 (citing *Underwood*, 722 N.E.2d at 832); *Smith*, 210 N.E.3d at 319 (citing *Flowers v. State*, 154 N.E.3d 854, 867 (Ind. Ct. App. 2020)). "To require the trial court to respond to both [the d]efendant and [the defendant's] counsel would effectively create a hybrid representation to which [the d]efendant is not entitled." *Underwood*, 722 N.E.2d at 832 (citing *Broome v. State*, 687 N.E.2d 590, 594 (Ind. Ct. App. 1997), *summarily aff'd in relevant part*, 694 N.E.2d 280 (Ind. 1998)).

[14] Here, it is undisputed that Keener was represented by counsel every time he personally objected to the November 28 trial date. The trial court was thus not

required to respond to Keener's personal objections.[7] *See Anderson*, 160 N.E.3d 1102 (citing *Underwood*, 722 N.E.2d at 832); *Smith*, 210 N.E.3d at 319.

[15]    Furthermore, assuming arguendo that Keener's personal objections were sufficiently specific, *see Bradley*, 248 N.E.3d at 573, and could have been considered by the trial court, they fail on the merits. Criminal Rule 4(B) allows a trial court to set a defendant's trial beyond the 70-day period "due to a congested calendar." Keener's 70-day clock began on September 8 and was set to end on November 17. *See* Crim. R. 4(B). When the trial court set Keener's trial to begin on November 28, it acknowledged that this date was beyond the Criminal Rule 4(B) 70-day period and stated that it was necessary to go past that window because of the trial court's calendar. The trial court sufficiently explained the congestion to Keener—a trial setting within 70 days would result in more delays. We therefore cannot say the trial court clearly erred in setting Keener's trial after his 70-day period ended, so we also cannot say Keener's personal Criminal Rule 4(B) objections had any merit.

---

[7] Keener also points to our Supreme Court's decision in *Watson v. State*, in which it stated, "Criminal Rule 4(B) allows an incarcerated defendant to 'move for an early trial' and then be 'discharged if not brought to trial within seventy (70) days.'" 155 N.E.3d 608, 615–16 (Ind. 2020) (footnote omitted) (quoting Crim. R. 4(B)(1)). Keener emphasizes that it is the "*incarcerated defendant*" who triggers Criminal Rule 4(B), Appellant's Br. at 18 (emphasis in original) (quoting *Watson*, 155 N.E.3d at 615). Keener reads our Supreme Court's decision in *Watson* much too literally. While the requirement that a defendant speak through his counsel may create tension when the two do not agree on a Criminal Rule 4 decision, our Indiana caselaw makes clear that a represented defendant speaks to the court through counsel, *Anderson v. State*, 160 N.E.3d 1102 (Ind. 2021) (mem.) (citing *Underwood v. State*, 722 N.E.2d 828, 832 (Ind. 2000)); *Smith v. State*, 210 N.E.3d 312, 319 (Ind. Ct. App. 2023) (emphasis added) (citing *Underwood*, 722 N.E.2d at 832). Accordingly, the trial court did not err in ignoring Keener's personal Criminal Rule 4(B) objections.

## 2. Keener's Sentence in the Battery Cause Is Not Inappropriate under Appellate Rule 7(B)

[16]   Keener argues his sentence in the Battery Cause is inappropriate under Appellate Rule 7(B) and should be revised.[8] The Indiana Constitution authorizes us to independently review and revise a trial court's sentencing decision. *Russell v. State*, 234 N.E.3d 829, 855–56 (Ind. 2024) (citing Ind. Const. art. 7, §§ 4, 6; *Jackson v. State*, 145 N.E.3d 783, 784 (Ind. 2020)). That authority is implemented through Appellate Rule 7(B), which permits us to revise a sentence if, "after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Konkle v. State*, 253 N.E.3d 1068, 1092 (Ind. 2025) (quoting *McCain v. State*, 148 N.E.3d 977, 985 (Ind. 2020)).

[17]   Our Supreme Court has explained our role under Appellate Rule 7(B) as follows:

> "[O]ur constitutional authority to review and revise sentences boils down to our collective sense of what is appropriate," *Cramer [v. State]*, 240 N.E.3d [693,] 698 [(Ind. 2024)] (quoting *Taylor v. State*, 86 N.E.3d 157, 165 (Ind. 2017)), an act that, importantly, is reserved for "exceptional" cases, *id.* (citing *Gibson v. State*, 43 N.E.3d 231, 241 (Ind. 2015)). Determining a sentence's

---

[8] In challenging his sentence in the Battery Cause, Keener contends that the trial court's "sentence of Mr. Keener to an [sic] total sentence of four[-]and[-]a[-]half (4 ½) years the maximum sentence for the level six felony, as well as fully revoking his suspended sentence on his revocation matter, was inappropriate in light of his character the nature of the offense." Appellant's Br. at 19; *see also id.* at 20. To the extent Keener is attempting to shoehorn in an Indiana Appellate Rule 7(B) challenge to his probation revocation sentence in the Nuisance Cause, we direct Keener to his own briefing: "Appellate Rule 7 (B) [sic] does not apply to a revocation of probation," Appellant's Br. at 24 (citing *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008)).

> appropriateness thus "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *McCain*, 148 N.E.3d at 985.

*Konkle*, 253 N.E.3d at 1092.

[18] Additionally, the defendant bears the burden of proving that "his or her sentence has met the inappropriateness standard of review." *Konkle*, 253 N.E.3d at 1092 (quoting *Cramer*, 240 N.E.3d at 698). And because sentencing "'is principally a discretionary function in which the trial court's judgment should receive considerable deference,' a trial court's sentencing decision will generally prevail 'unless overcome by compelling evidence portraying in a positive light the nature of the offense . . . and the defendant's character . . . .'" *Id.* (alteration omitted) (quoting *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015)).

[19] In reviewing the defendant's sentence, "we are not limited to the mitigators and aggravators found by the trial court," *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014), and we "focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count," *Lane*, 232 N.E.3d at 122 (quoting *Cardwell*, 895 N.E.2d at 1225). Similarly, a defendant "need not 'necessarily *prove*' that the sentence is inappropriate on both counts" so long as "one of the prongs weighs heavily in favor" of revising the defendant's sentence. *Id.* at 126–27 (quoting *Connor v. State*, 58 N.E.3d 215, 219 (Ind. Ct. App. 2016)) (emphasis in original).

Nonetheless, "to the extent the evidence on one prong militates against relief, a claim based on the other prong must be all the stronger to justify relief." *Id.* at 127 (citing *Connor*, 58 N.E.3d at 220).

[20] "Even though [Indiana Code section 35-38-1-1.3] unambiguously declares that a trial judge may impose any sentence within the statutory range without regard to the existence of aggravating or mitigating factors, . . . the statute does not prohibit the judge from identifying facts in aggravation or mitigation." *Anglemyer v. State*, 868 N.E.2d 482, 489 (Ind. 2007), *as amended* (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). When considering the nature of the offense, we start with the advisory sentence. *Brown*, 10 N.E.3d at 4 (citing *Anglemyer*, 868 N.E.2d at 494). Here, Keener was convicted of and sentenced on one count of domestic battery as a Level 6 felony. "A person who commits a Level 6 felony . . . shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½) years, with *the advisory sentence being one (1) year*." I.C. § 35-50-2-7(b) (emphasis added). On his one Level 6 felony conviction, the trial court sentenced Keener to 2 years and 183 days executed at the DOC.

[21] Where, as here, the trial court deviated from the advisory sentence, one factor we consider is "whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the 'typical' offense accounted for by the legislature when it set the advisory sentence." *T.A.D.W. v. State*, 51 N.E.3d 1205, 1211 (Ind. Ct. App. 2016) (quoting *Holloway v. State*, 950 N.E.2d 803, 806–07 (Ind. Ct. App. 2011)), *as amended* (May 26,

2023). We also consider whether the offense was "accompanied by restraint, regard, and lack of brutality." *Konkle*, 253 N.E.3d at 1093 (quoting *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015)).

[22] On August 30, 2023, while arguing with A.T. in a public space, Keener punched and pushed her, causing A.T. to fall and hit her head on a picnic table.[9] Keener's offense was brazen and demonstrated that Keener has little regard for A.T., his long-term girlfriend, or for the peace and respect nearby citizens deserve to be afforded in public spaces. Nevertheless, Keener appears to argue that his offense was not particularly egregious because it would have been "a misdemeanor if he did not have a prior conviction for battery." *Id.* at 22. Keener does not have just one prior conviction for battery; he has six prior convictions and two juvenile adjudications for various types of battery.

[23] In considering the character of the offender, "we engage in a broad consideration of a defendant's qualities," *T.A.D.W.*, 51 N.E.3d at 1211 (citing *Aslinger v. State*, 2 N.E.3d 84, 95 (Ind. Ct. App. 2014), *clarified on other grounds on reh'g*), including whether the defendant has "substantial virtuous traits or

---

[9] Keener asserts that "[t]he nature of the offense reveals that Brandon was in possession of the drug methamphetamine and resisting law enforcement by running from Officer Hoffman." Appellant's Br. at 21 (citing Appellant's App. Vol. II at 38). The portion of the record to which Keener cites for this statement is the affidavit of probable cause in the Nuisance Cause, which alleged Keener had possessed paraphernalia and maintained a common nuisance. It is unclear why Keener did not describe the nature of his domestic battery conviction, nor is it clear why Keener stated the Nuisance Cause affidavit stood for the proposition that he possessed methamphetamine and resisted law enforcement. Nonetheless, Keener's failure to discuss the details of his offense in the Battery Cause did not substantially impede our review of his Appellate Rule 7(B) claim. *See Pierce*, 29 N.E.3d at 1267.

persistent examples of good character," *Konkle*, 253 N.E.3d at 1093 (quoting *Stephenson*, 29 N.E.3d at 122).

[24] Keener asserts that "nothing in his character warrants an aggregate sentence of two[-and-]a half (2 ½) years" in the Battery Cause. Appellant's Br. at 24. The record in this cause begs to differ.

[25] August 30 was not the first time Keener was violent with A.T. At trial in the Battery Cause, an officer with the Fort Wayne Police Department testified that he responded to a domestic disturbance call from A.T. on May 18, 2022. A.T. told the officer that "over the last three (3) days [Keener] had kept her from leaving the house, uh, making threats and getting in her face, and doing things to make her feel like she could not freely leave." F6-1168 Tr. Vol. II at 62–63. In addition, as alleged in the August 8 probation revocation petition filed in the Nuisance Cause, Keener battered A.T. on August 2.

[26] Nor was August 30 the first time Keener's violence has resulted in criminal charges. In fact, Keener's criminal record began with violence. In 1999, when Keener was 14 years old, he was adjudicated a delinquent in relevant part for battery as a Class A misdemeanor if committed by an adult. Keener was placed on probation for his offenses but later committed to the Indiana Boys School. In 2002, Keener was again adjudicated a delinquent for battery, but this time as a Class B misdemeanor if committed by an adult. Keener was committed to the Boys' School for this and other offenses. Less than six months after Keener was released from the Boys' School in 2004, his adult criminal history began with a

conviction for battery resulting in bodily injury as a Class D felony. As an adult, Keener has accumulated ten felony convictions (including the 2004 battery conviction) and eight misdemeanor convictions, almost all of which are for various types of battery or drug-related offenses.

[27] Not only did Keener repeatedly reoffend, but he also repeatedly failed to successfully complete his sentences. Keener has had probation, suspended sentences, and parole revoked numerous times, and he has violated the terms of his Community Transition Program. Moreover, when Keener committed domestic battery against A.T., he had two active arrest warrants and was on probation in the Nuisance Cause. Also relevant to his character, Keener joined the Rebel Cause Brotherhood when he was 24 years old while incarcerated at the DOC, and he has tattoos signifying that membership.[10] Keener asserted at the sentencing hearing that he is no longer a member of or otherwise affiliated with the Rebel Cause Brotherhood.

[28] As part of our Appellate Rule 7(B) review, Keener asks us to "take[] into consideration" that his probation in the Nuisance Cause was revoked and his sentence in that matter fully executed. Appellant's Br. at 24. The trial court's decision to revoke his probation and execute his sentence in the Nuisance

---

[10] The Rebel Cause Brotherhood was formed in 1988 in the Indiana prison system and is considered a white supremacist gang by the Anti-Defamation League. ANTI-DEFAMATION LEAGUE, WHITE SUPREMACIST PRISON GANGS: 2022 ASSESSMENT 24 (2022), https://www.adl.org/sites/default/files/documents/2022-10/White-Supremacist-Report-final.pdf. Keener has tattoos of "Rebel Cause Brotherhood," "Nordic Pride," and "est. 1988" with a swastika. Appellant's App. Vol. III at 3.

Cause has no bearing on our Appellate Rule 7(B) review of his sentence in the Battery Cause. We will not reward Keener in the Battery Cause for willfully violating a court order in the Nuisance Cause. Based on the serious nature of Keener's offense as well as his extensive and often violent criminal history, we cannot say that Keener has produced compelling evidence demonstrating that the nature of his offense or his character renders his domestic battery sentence inappropriate. *See Lane*, 232 N.E.3d 119.

### 3. The Trial Court Did Not Abuse its Discretion by Executing Keener's Sentence in the Nuisance Cause

Finally, Keener challenges the trial court's decision to execute his sentence in the Nuisance Cause based on the revocation of his probation therein. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). We review a trial court's sentencing decision on a probation violation for an abuse of discretion. *Prewitt*, 878 N.E.2d at 188 (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App 2005)). "An abuse of discretion occurs 'where the decision is clearly against the logic and effect of the facts and circumstances.'" *Smith*, 963 N.E.2d at 1112 (quoting *Prewitt*, 878 N.E.2d at 188). "We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses." *Id.* (citing *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999)).

[30] Keener specifically argues that his commission of a new offense—the August 30 domestic battery that resulted in the Battery Cause—does not warrant a full execution of his sentence in the Nuisance Cause, "especially when considered in light of the maximum . . . sentence that was imposed" in the Battery Cause. Appellant's Br. at 25. We cannot agree.

[31] First, just as the disposition of the Nuisance Cause had no bearing on our Appellate Rule 7(B) review of Keener's sentence in the Battery Cause, the disposition of the Battery Cause has no bearing on our review of Keener's probation revocation sentence in the Nuisance Cause. Although Keener appeals the two causes together, they remain separate and distinct from one another. Nor will we reward Keener for his decision to once again violate the terms of his probation.

[32] Second, Keener's commission of the domestic battery offense was not the first time Keener disregarded the trial court's orders in the Nuisance Cause. When Keener posted bond, he agreed to monitored conditional release, with his pretrial supervision level being "Enhanced." Appellant's App. Vol. II at 39. Within six weeks of being conditionally released, two notices were filed alleging Keener had violated the terms of his release on ten separate occasions. The trial court took no action on these notices because the plea agreement was filed within two weeks of the second notice. After Keener was convicted and sentenced pursuant to the plea agreement, he allegedly battered A.T. and stole a vehicle. Furthermore, as discussed above, Keener has repeatedly demonstrated that he will not abide by court orders. *See supra* ¶ 27. Based on the foregoing,

we cannot say the trial court abused its discretion by executing Keener's two-year sentence in the Nuisance Cause as a sanction for violating the terms of his probation therein.

## Conclusion

[33] In sum, the trial court did not err by ignoring Keener's meritless personal Criminal Rule 4(B) objections to his November 28 trial date in the Battery Cause, Keener's sentence in the Battery Cause is not inappropriate under Appellate Rule 7(B), and the trial court did not abuse its discretion by executing Keener's sentence in the Nuisance Cause as a sanction for Keener violating his probation therein. We therefore affirm the trial court on all issues raised.

[34] Affirmed.

Pyle, J., and Weissmann, J., concur.

ATTORNEY FOR APPELLANT

David L. Joley
Joley Law Firm PC
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Andrew M. Sweet
Deputy Attorney General
Indianapolis, Indiana